(64 App. Div. 6.)

## COLE et al. v. BICKELHAUPT.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

**1. WASTE—ASSIGNEE OF TENANT FOR LIFE.**

Where a tenant for life, in possession of a farm, conveyed her interest to defendant by deed of trust given to secure the payment of $600, with interest, according to the condition of a contract made at the same time, by which defendant was authorized to take possession of the land and lease the property, and collect all rents, crops, and profits, until the $600 should have been paid, when he should reconvey the property to the life tenant, and that the property should be improved "in a good and farmerlike manner," defendant was an assignee of the tenant for life, within Code Civ. Proc. § 1651, authorizing the maintenance of an action for waste against a tenant for life, or an assignee of such tenant.

**2. SAME—POSSESSION.**

Where an assignee of a tenant for life of a farm under his contract was authorized to, and did, lease the land, and collected the rent, and it was his tenant who was in possession of the property at the time when

waste was committed thereon, such assignee was in possession, since, while the relation of landlord and tenant existed as between such assignee and the person in actual possession as his tenant, such tenant's possession was the possession of the assignee.

3. SAME—DAMAGES.
Where, in an action for waste committed on a farm in the possession of the assignee of the life tenant, it appeared not only that the orchards and sugar bush had been cut off, but that the farm had been permitted to grow up to weeds, and that, while capable of supporting 20 cows and producing 1,500 bushels of grain before the waste, it was thereafter practically worthless, the measure of damages was the difference between the value of the farm per acre before the injuries complained of and afterwards; and hence it was proper to ask a witness what the farm was worth at a date prior to the commission of the waste, and what it was worth per acre thereafter.

4. SAME—PERMISSIVE WASTE—EVIDENCE—OBJECTION—NECESSITY.
In an action for waste committed on a farm, it was not error to allow the introduction of evidence that an orchard thereon had been destroyed by inattention,—such destruction constituting permissive waste,—though such waste was not alleged in the pleadings, where no objection to the evidence on that ground was taken at the trial.

Appeal from judgment on report of referee.

Action by Harrison D. Cole and others against Adam Bickelhaupt. From a judgment in favor of plaintiffs entered on the report of the referee, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

A. Harder, for appellant.
Watson M. Rogers, for respondents.

RUMSEY, J. The action is brought to recover treble damages for waste committed on the property of the plaintiffs, situated in the town of Theresa, in the county of Jefferson. The land in question is a farm of about 188 acres. It belonged in 1868 to one Andrew J. Cole, who in that year died, having made a will by which the farm was devised to Anna Cole, his wife, for life, with remainder over to the plaintiffs. Up to July of 1879 Anna Cole was in possession of the farm, but she then conveyed her interest in the property to the defendant by a deed purporting to be given in trust to secure the payment of $600, with interest, according to the conditions of a contract made at the same time, by which it was provided that the defendant should take possession of the land and the personal property, and should collect and receive all the rents, crops, and profits, until the $600 should be paid, when he should reconvey the premises to Mrs. Cole. He was to make all agreements as to letting the property from time to time, which it was agreed should "be improved in a good and farmer-like manner," and he was to be entitled to recover damages for all injuries to the property. Bickelhaupt proceeded at once to lease the property to various tenants, and he continued to hold the title to the property and to receive the profits until the 10th of November, 1890, when he and his wife conveyed back to Mrs. Cole. This action was commenced on the 2d of April, 1891. Among other defenses, the defendant set up the six-year statute of limitations. The referee

found, in favor of the plaintiffs, that the amount of the damages to the farm was $250, and judgment was entered for $750 (being the treble damages allowed by section 1655 of the Code of Civil Procedure) and costs.

The first point made by the appellant is that he was not the assignee of the tenant for life, nor in possession of the farm in such a way as to render him liable for waste. By section 1651 of the Code, an action for waste lies against a tenant for life, or the assignee of such tenant, who during the term commits waste upon the property. There can be no doubt that Bickelhaupt, the defendant here, was the assignee of Mrs. Cole, the life tenant. She had conveyed her interest in the land to him, and given him the express right to enter into possession. As against these remaindermen, his right of possession and title was exclusive; and clearly that made him her assignee, within the meaning of the section, for the purposes of this action. That he was in possession cannot be doubted. He testifies that he made a lease of the land and collected the rent, and it was his tenant who was in possession of the land; and while the relation of landlord and tenant existed the possession of the tenant, for certain purposes, is deemed to be the possession of the landlord. Code Civ. Proc. § 373; Tyler v. Heidorn, 46 Barb. 439. That serious waste was committed cannot be denied. It appears practically without contradiction that when the defendant took possession of the land there were two orchards upon it, in fair condition; that the land was cultivated; that the buildings were in good condition; that there was a sugar bush of from 200 to 400 trees, and other standing timber, besides fallen timber sufficient for firewood. The referee would have been justified in finding that most of that timber was still standing in 1883, and that at that time the tenant began cutting the sugar bush and selling the wood. The standing timber was also cut down, made into firewood, and sold. The farm, which up to one time had carried 20 cows and produced 1,500 bushels of grain, came to be worthless. There was ample evidence to warrant the finding that by far the larger part of this waste occurred during the last years of Lawton's tenancy, and certainly within six years before the commencement of the action. There is considerable dispute as to the condition of the orchards upon the place, but there is no doubt that the referee might have found that there were two,—an old and a new one,—and that they became entirely worthless, and that a large portion of this damage arose because they were not properly taken care of. It is said that the sawing timber was all cut off in 1882. There was evidence both ways upon that point, and it may be that some was cut at that time; but it is quite clear that the serious waste was not caused by the sale of the sawing timber, but by the cutting of the standing timber which was sold for firewood.

The condition of the farm as it was in 1879 having been shown, and it then having been made to appear that in 1890, by reason of poor cultivation, cutting of the timber, decay of the fences, and the growth of weeds, it had depreciated in value, Mr. Sardam, who had lived in that vicinity, was asked what the farm was worth in

1879, to which he answered, "$30 an acre." The witness was then asked what it was worth in 1890, and he answered, "$25." This testimony was objected to as incompetent and too remote, and not the proper measure of damages, and an exception was taken to its admission. No particular reason is given by the defendant why this evidence was incompetent. The evidence was competent, because the measure of damage was the difference between the value of the farm before the injuries complained of were committed, and afterwards. Argotsinger v. Vines, 82 N. Y. 309. If the waste had only been the cutting of the standing timber, it might be said that the question was, what was the value of the farm with the timber standing and with the timber cut off? But that was not all the waste complained of. The complaint was not only that the trees had been cut off, but that the farm had been allowed to go to rack and ruin, which was clearly waste. 2 Bl. Comm. 382. The witness was asked what the farm was worth an acre. The only objection was that it was not proper to lay a foundation for damages. But it was clearly a statement of the actual damage, and the ruling was correct.

The objection that the evidence with respect to the orchards should not have been admitted was properly overruled. The destruction of the orchards was clearly permissive waste, and the only possible objection to the evidence could have been that it was not alleged in the pleadings. But, as the objection was not put upon that ground, it cannot now be insisted upon. Voorhees v. Burchard, 55 N. Y. 98.

We find it unnecessary to consider any of the other exceptions which appear in the case. Upon the whole case, the judgment should be affirmed, with costs. All concur.