[L. A. No. 1147. Department One.—October 17, 1903.]

S. McG. ISOM, Appellant, v. REX CRUDE OIL COMPANY, Respondent.

LANDLORD AND TENANT—WASTE UNDER LEASE—TREBLE DAMAGES—DISCRETION OF COURT—WILLFUL OR MALICIOUS ACTION—HONEST CLAIM OF RIGHT.—In an action by a lessor against an assignee of a lease which was procured by fraud of the lessee, and was subsequently rescinded by the lessor for such fraud, the recovery of treble damages for waste committed by the assignee in taking oil from the premises, which was not provided for by the lease, is in the discretion of the court, under the terms of section 732 of the Code of Civil Procedure. The trebling of the damages should only be allowed where it appears that the waste was committed willfully and wantonly or maliciously; and should not be allowed where it was committed under an honest claim of right, or as the result of an honest mistake.

ID.—CONSTRUCTION OF CODE—USE OF WORD "MAY."—The word "may" as used in section 732 of the Code of Civil Procedure is not mandatory; and that word is not to be construed to mean "must" where there is nothing in the connection of the language or in the sense or policy of the provision, to require an unusual interpretation.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. F. Fitzgerald, Judge.

The facts are stated in the opinion.

Stephens & Stephens, and Works & Lee, for Appellant.

Edwin A. Meserve, for Respondent.

GRAY, C.—One W. P. Book, of Los Angeles, wrote to the plaintiff at her residence, in the state of Mississippi, expressing a desire to rent a piece of land belonging to said plaintiff

in the city of Los Angeles, for the purpose of erecting a tene-
ment building thereon. In reality the land was valuable for
oil, as Book well knew. He concealed all knowledge of oil
from the plaintiff, and by fraud succeeded in getting a lease
from her for three years, with the privilege of five more, at
an agreed price of one hundred dollars per year. No permis-
sion was given in the lease to bore for oil, no reference to oil
was therein made, and plaintiff had no knowledge that her
land was of that character. Thereafter Book sold his lease
to the defendant corporation, and the latter entered into pos-
session of the premises, and, without the knowledge of plain-
tiff, extracted oil therefrom to the value of four thousand and
seventy dollars. Some two years after the making of the
lease plaintiff discovered the frauds which had been practiced
upon her, rescinded the lease, and commenced this action
against the defendant oil company, demanding treble dam-
ages, and that the oil company be enjoined from further
operating the oil wells on the land, and that she recover pos-
session of the property, etc. She had judgment in accordance
with her demand, except that the court refused to treble the
damages. For this reason she appeals from the judgment,
and the sole point urged is, that she was entitled, as a matter
of law, under the findings and the provisions of section 732
of the Code of Civil Procedure to treble damages, and that
the court having found the damages to be four thousand and
seventy dollars, had no discretion to refuse to treble this
amount.

Section 732 of the Code of Civil Procedure reads as follows:
"If a guardian, tenant for life or years, joint tenant, or
tenant in common of real property, commit waste thereon,
any person aggrieved by the waste may bring an action
against him therefor, in which action there may be judgment
for treble damages."

We are of opinion that it is not the purpose of this sec-
tion to establish a rule of treble damages in all actions for
waste, but rather to leave that matter to the discretion of the
court. The word "may" used in the section is not a manda-
tory term, except when it is construed to mean "must," and
it is never thus construed "where there is nothing in the con-
nection of the language or in the sense or policy of the pro-

vision to require an unusual interpretation." (20 Am: & Eng. Ency. of Law, 2d ed., p. 237; *Kemble* v. *McPhaill,* 128 Cal. 444.) We see nothing in the sense or policy of the quoted section that requires any unusual interpretation of its language. The just and natural construction of the section would seem to require the infliction of the penalty of treble damages only when the waste was committed willfully and wantonly or maliciously. If the acts of waste were done under an honest claim of right, or as the result of an honest mistake as to the defendant's right, it is obvious that it would not be just to visit so severe a penalty upon him, and no strained construction of words should be allowed to have this effect.

In construing the section immediately following the one involved in this case,—section 733 of the Code of Civil Procedure,—this court, in *Stewart* v. *Sefton,* 108 Cal. 197, has said: "To entitle the plaintiff to treble damages under section 733 of the Code of Civil Procedure, she must have proved her allegation that plaintiff willfully or maliciously removed the trees, knowing them to be the property of plaintiff." The court then goes on to cite *Barnes* v. *Jones,* 51 Cal. 303, in which it was held that a complaint under this statute which did not state that the trespass was committed willfully, knowingly, or maliciously "failed to state a cause of action entitling the plaintiff to treble damages though it entitled him to actual damages." In *Barnes* v. *Jones,* 51 Cal. 303, the court said: "While the statute does not so state in terms, it is clear, we think, that it was not intended to apply to cases in which the trespass was committed through an innocent mistake as to the boundary or location of the tract of land claimed by the defendant." Section 732 of the Code of Civil Procedure is certainly no more mandatory in its terms than is the section 733 construed in these cases; and we can see no good reason why the rule of said cases should not apply also to the former section. Applying the rule thus, we see no ground upon which we could safely base the conclusion that the court below abused its discretion in refusing to treble the damages.

We advise that so far as plaintiff's appeal is concerned the judgment be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment, so far as plaintiff's appeal is concerned, is affirmed.

McFarland, J., Van Dyke, J., Angellotti, J.