[L. A. No. 1204. Department Two.—April 1, 1904.]

## S. McG. ISOM, Appellant, v. W. P. BOOK, and THE REX CRUDE OIL COMPANY, Respondents.

WASTE BY TENANT—TREBLE DAMAGES—CONSTRUCTION OF CODE—DISCRETION OF COURT.—Section 732 of the Code of Civil Procedure, providing that damages for waste by certain parties, including a tenant for years, may be trebled, is not mandatory, but leaves the matter in the discretion of the court, which will not be interfered with upon appeal where the circumstances do not show an abuse of discretion.

ID.—OIL OBTAINED UNDER FRAUDULENT LEASE—LOSS OF TENANTS—EXPENSES DISALLOWED—PROPER DISCRETION.—Where damages for the commission of waste by the extraction of oil under a lease of land for tenement purposes, fraudulently obtained, were allowed for the full value of the oil obtained from the land, without any offset for expenses of any kind, and the expenses incurred by the tenants, besides the loss of the oil, exceeded the amount of treble damages, the court properly exercised its discretion in not trebling the judgment for damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

A. W. Hutton, and Works, Lee & Works, for Appellant.

Charles L. Batcheller, for Respondents.

GRAY, C.—In this action it appears that the defendant Book obtained a lease of certain oil-bearing lands in Los Angeles County from the plaintiff. Book lived in Los Angeles, and the plaintiff was in the state of Mississippi. Book knew that the land was oil-bearing and fraudulently concealed the fact from plaintiff, and representing to her that

he wanted the land to erect thereon a tenement-house, he thus obtained a lease thereof for the period of three years, with the privilege of five more, at an annual rent of one hundred dollars. In the lease nothing was said about oil. Thereafter, on discovering that defendants had been taking oil from the land, plaintiff served notice of rescission of the lease on them and commenced this action for waste, and recovered judgment for the full value of the oil extracted by defendants. Plaintiff appeals from the judgment for the reason that the trial court refused to treble the damages in accordance with the prayer of her complaint.

It is contended by her, first, that section 732 of the Code of Civil Procedure is mandatory in its effect, and makes it the imperative duty of the court to treble the damages which the plaintiff is found to have suffered. It is contended, secondly, that if this construction of the statute be not correct, it nevertheless appears from the evidence that the court abused its discretion in not trebling the damages, and the judgment for that cause should be reversed with instructions to treble the damages.

The first of these questions was determined by this court in a case involving much of the same evidence here presented, and brought by this plaintiff against a corporation that had succeeded to the interest of the defendants herein in the lease here in question. (*Isom* v. *Rex Crude Oil Co.*, 140 Cal. 678.) It was held in that case that the said section 732 of the Code of Civil Procedure was not mandatory, but left it to the discretion of the court to say whether the damages should be trebled. The facts in this case, as they will hereinafter appear, tend to convince us that the conclusion reached in our former decision was just.

The correct exercise of the discretion of the trial court in refusing to treble the damages may be best illustrated by a quotation from the opinion of that court as follows: "But in the adjustment of the rights of the parties involved in this action, without the treble damages, there will be certain benefits conferred on the plaintiff and certain losses suffered by the defendants which militate strongly against the granting of such penal damages. The plaintiff, it is true, has been deprived of her oil taken and sold by the defendants. But by the rules of law concerning the measure of damages she

is entitled to full gross value of all the oil taken and sold by the defendants, without deduction either for the running expenses of the pumping-plant by which it was extracted, the expenses of storing and marketing the oil, or of drilling the well from which it was taken. And in estimating the damages above given, no allowance was made for either of these items, although it was shown that the defendants have expended forty-five hundred dollars for drilling the well, fifteen hundred dollars for deepening the same, and about seven hundred and fifty dollars for pumping and marketing the oil, making about six thousand seven hundred and fifty dollars in all. It is reasonably certain that the plaintiff herself could not have obtained this oil without the expenditure of an equal sum of money, and yet under the rules of law in relation to damages for trespass and waste, the defendants must pay the plaintiff for all the oil they obtained, with no offset for expenses. They are thus mulcted to the amount of six thousand dollars for their misconduct in endeavoring to obtain the plaintiff's property for nothing, and the plaintiff is gainer to the extent of two thousand dollars, which she receives free of expense. It is true it appears that the defendants, before this action was begun, sold this well with others to a third person, at a price of two thousand dollars, or thereabouts. But it is not at all certain that they will not have to repay this to the purchaser, and it appears that the plaintiff has also recovered from the purchaser the value of the oil subsequently pumped from the lot, so that the sale did not deprive the plaintiff of any right, and even if the defendants keep the price, they will still be losers to the extent of four thousand seven hundred and fifty dollars. This state of affairs does not seem to call for any punishment of the defendants at the hands of the court, nor does it arouse much sympathy for the fortunate plaintiff, who by this method has obtained much more for her oil than she could have gotten had she undertaken the enterprise on her own account. For these reasons treble damages will be refused and judgment be given only for the actual value of the oil sold.''

The judgment was for two thousand dollars. To add four thousand dollars more to a loss already sustained of about six thousand dollars would be a large fine for the fraudulent

acts of defendants, and we are not at all surprised, therefore, that the trial judge used the discretion reposed in him by the law as he did.

We advise that the judgment be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.