## HELEN M. EVANS and Others v. BERNARD KOHN.[1]

December 16, 1910.

Nos. 16,934—(103).

**Statutory action for waste — measure of damages.**

In an action for waste under section 4447, R. L. 1905, in which treble damages may be allowed, the proper basis for damages is the depreciation in the value of the premises.

**Conversion of trees or soil.**

At least where possession is unlawfully or fraudulently obtained, and trees or soil severed from the premises and converted by the tenant, the title remains in the owner of the premises, and he may recover its value as enhanced by the labor of the wrongdoer.

**Evidence — enhanced value of property converted.**

In this case the evidence did not show the damages to the premises, but the allegations of the complaint, taken in connection with the testimony received without objection, justified an assessment of damages based upon the enhanced value of the property converted, not, however, for the amount awarded.

Action in the district court for Ramsey county to recover $2,900, treble damages for waste to certain real property; that defendant's estate in the property be forfeited and that he be evicted therefrom.

The answer admitted the execution of a lease on November 1, 1906, for the term of five years, subject to the right of plaintiffs in case of sale to terminate the lease with respect to the portion sold;

[1] Reported in 128 N. W. 1006.

that by the terms of the lease it was agreed defendant should have possession of the premises for gardening or truck-farming, with the further privilege on defendant's part to take moulding-sand from the premises, provided the removal should not be conducted in such a way as to result in depreciation in the value of the premises; that defendant had carried away not to exceed fifteen carloads of sand; that defendant removed the sand in a careful manner and in such a way that the value of the land had been enhanced thereby. The reply was a general denial. The case was tried before Kelly, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiffs for $1,000. From an order denying defendant's motion for a new trial, he appealed. Reversed, unless plaintiffs within twenty days from the filing of the remittitur consent in writing that the amount for which judgment may be entered be reduced to the sum of $656.25, and if such consent be filed the order be affirmed.

*How, Butler & Mitchell,* for appellant.
*Orr, Stark & Collett,* for respondents.

O'BRIEN, J.

Plaintiffs are the owners of certain real estate situated in the city of St. Paul. The premises are vacant, and in 1906 defendant obtained a lease thereof whereby he agreed to and did pay $35 for one year's rental, and $15 for five carloads of sand to be taken by him from the premises. Defendant retained constructive possession of the premises during several succeeding years under the lease or its renewal, and during that time took from the premises a considerable quantity of sand, amounting at least, as found by the court, to fifteen carloads over and above the five carloads originally authorized. Plaintiffs claimed that at the time of the execution of the lease it was represented to them by defendant that the sand which he desired to take was ordinary building sand for some specific building, but that, in fact, it was what is known as moulding sand, said to be more valuable, which fact defendant concealed.

The complaint alleged the leasing, the wrongful taking, and conversion of forty carloads, each containing thirty tons, of the value

of $2.50 a ton, a lessening in value of the land in the sum of $500, and alleged, further, the value of the premises and plaintiffs' reversionary interest were impaired to plaintiffs' damage in the sum of $2,900, and demanded judgment for the forfeiture of defendant's estate, his eviction from the land, and for damages in treble the sum of $2,900. The court found the total value of the moulding sand converted by defendant to his own use was $1,000, and that because of spoliation the land was depreciated in value in the sum of $1,000, and as a conclusion judgment was ordered in favor of the plaintiffs for the sum of $1,000.

1. Counsel for defendant insist that this is strictly an action for waste against a tenant lawfully in possession, and that plaintiffs' damages must be measured by the depreciation in the value of the real estate, and that the value of the sand upon the market after its severance from the land, and after such value had been enhanced by defendant's labor, is not the proper measure. This claim might be true in ordinary actions for waste against one who was lawfully in possession of the property. Morris v. Knight, 14 Pa. Super. Ct. 324; Prudential v. Guild (N. J. Eq.) 64 Atl. 694; Cole v. Bickelhaupt, 64 App. Div. 6, 71 N. Y. Supp. 636; McCartney v. Titsworth, 119 App. Div. 547, 104 N. Y. Supp. 45. There is no doubt the complaint here states a cause of action for waste under section 4447, R. L. 1905, and, if judgment must be awarded under the provisions of that statute which authorizes treble damages, we think the position of defendant's counsel is sound, and the basis of such damages must be the injury to the premises.

The complaint, however, alleges the taking and conversion of a certain number of carloads of sand of a stated value, and evidence was received without objection which tended to show that the original leasing was merely a subterfuge for obtaining possession of the property for the unlawful purpose of digging and removing the moulding sand, [of] the existence of which the plaintiffs were ignorant, and, further, that this was stealthily carried on by defendant. Under such circumstances, we have no doubt the plaintiffs could recover from defendant the highest value of the sand while in his possession; that is, the rule applied to wilful trespassers would apply, and the

title to the asported property remain in the owner of the land, who, if he sued in trover, could recover its value as enhanced by defendant's labor.    Whitney v. Huntington, 34 Minn. 458, 26 N. W. 631, 57 Am. Rep. 68; Tiedeman, Real Property (3d Ed.) § 64; 4 Sutherland, Damages ⟨3d Ed.) § 1034; Williamson v. Jones, 43 W. Va. 562, 27 S. E. 411, 38 L.R.A. 694, 64 Am. St. 891; Isom v. Rex, 140 Cal. 678, 74 Pac. 294; Stone v. Knapp, 29 Vt. 501.    The complaint alleging a cause of action under the statute, and evidence having been received without objection upon the claim of wrongful conversion of personal property, it follows that, if the evidence sustains the findings, a new trial was properly refused.

2. The court found the real estate to have been damaged in the amount of $1,000.    The only evidence to support this finding was that given by the witness Benham, who expressed the opinion that the land would not sell for within $1,000 of the price it would have previously commanded.    Upon cross-examination this witness refused to make a statement as to the value of the land, saying if he gave an estimate of it: "It would be merely a guess."    If the witness had no opinion as to the value of the land, he could have no opinion as to the amount in which it was damaged, and we conclude, therefore, there was no testimony to support this finding of the court.

3. The testimony as to the amount of sand taken was extremely unsatisfactory.    In a memorandum, made a part of the findings, the court said: "Defendant admitted having taken from the land and sold fifteen carloads of moulding sand.    There was evidence tending to show that forty carloads were shipped from this vicinity to defendant's consignees.    But, as the testimony indicated other places of supply in that vicinity, I am justified in finding that defendant converted of plaintiffs' property at least one thousand dollars worth."    Under this statement, it must be held that the evidence sustained the taking of no more than fifteen carloads.    The evidence showed each car contained from thirty to forty tons.    Fifteen cars of thirty-five tons each amount to five hundred twenty-five tons.    The only evidence as to the value of the sand which we have been able to find in the record was that given by the defendant, who testified that for

some of the sand sold by him he received from $1 to $1.25 per ton. The highest of these prices would give the five hundred twenty-five tons a value of no more than $656.25. The evidence does not support a finding that sand of more than the value of $656.25 was taken by defendant from plaintiffs' premises.

The order denying a new trial is reversed, unless the plaintiffs within twenty days from the filing of the remittitur in the district court consent in writing that the amount for which judgment may be entered be reduced to the sum of $656.25, with interest from July 15, 1909, and if such consent be filed the order be affirmed.