[Civ. No. 3495. Third Appellate District.—May 15, 1929.]

R. B. BELL, as Executor, etc., Respondent, v. G. E. RED-WINE, Appellant.

W. D. L. Held and Keith C. Eversole for Appellant.

Hale McCowen, Jr., for Respondent.

FINCH, P. J.—■ In an action to foreclose a mortgage on real estate, prosecuted by J. W. Swales against Joseph Burns, judgment was entered in favor of the former against the latter for $3,927.90 and the appellant herein was appointed commissioner to sell the mortgaged property. December 13, 1924, the commissioner duly offered the property for sale at public auction. Hale McCowen, Jr., one of the attorneys for the plaintiff in the foreclosure proceeding, became the highest bidder and the commissioner thereupon publicly announced that the property was sold to McCowen. It is not claimed that McCowen purchased the property for his client, but the answer alleges "that respondent sold each of said lots or parcels to said Hale McCowen, Jr., on the personal credit of said Hale McCowen, Jr., and upon his promise and assurance that he would pay the purchase price on demand." McCowen has at all times refused to pay the amount of his bid for the property and no certificate of sale has been issued to him or to any other person and no return of sale has been made.

December 15, 1924, Keith C. Eversole purchased the mortgaged lands from Burns. On the same day Eversole tendered to the commissioner $231.24, the amount required for redemption, and demanded a certificate of redemption. Two days later Eversole tendered to the commissioner "a check for the sum of $231, the amount of the bid of the said Mc-

Cowen; . . . said action on the part of said K. C. Eversole was not done at the request of or with the knowledge of the said McCowen, . . . but on the contrary, the said action of said K. C. Eversole has been disavowed and disaffirmed by the said Hale McCowen, Jr." Appellant testified in relation to the tender last mentioned as follows: "I took the check. . . . I told him at the time that it would be considered as a tender and not a payment." Swales demanded that the appellant proceed to resell the property, but he refused and this proceeding was commenced for the purpose of requiring him to do so. Judgment was entered as prayed for by the plaintiff and the defendant has appealed.

It appears from the evidence and the findings that the appellant has no moneys in his hands which can be reached by the judgment creditor in the foreclosure action. Appellant is holding a check for $231, not as payment, but as a mere tender. Eversole, the maker of the check, is not a party to this proceeding and would not be bound by any judgment entered herein. The tender and the check, therefore, may be eliminated from consideration as immaterial, and it is unnecessary to consider what would have been the effect of an acceptance of payment by the appellant from Eversole. The situation therefore is the simple one of the refusal of a purchaser at a foreclosure sale to make payment of the amount of his bid.

"Upon the failure of the purchaser to comply with the terms of the sale, the sheriff may, in some jurisdictions, proceed against the purchaser for the full amount of his bid, but his usual remedy, which in some jurisdictions it is his duty to pursue, is to resell the property and proceed against the defaulting purchaser for any deficiency between the amount bid by him and the amount realized on the resale." (23 C. J. 651.)

An action against a purchaser for the amount of his bid, in many cases, would be an inadequate remedy by reason of the expense and delay incident to such a suit. A simpler remedy is provided by section 695 of the Code of Civil Procedure, which reads as follows:

"If a purchaser refuse to pay the amount bid by him for the property struck off to him at a sale under execution, the officer may again sell the property at any time to the highest bidder, and if any loss be occasioned thereby, the officer may

recover the amount of such loss, with costs, from the bidder so refusing, in any court of competent jurisdiction."

█ The provisions of section 695 are applicable to sales made by the commissioners in foreclosure proceedings. (Code Civ. Proc., sec. 726.) Since private persons are interested in the performance of the official duty prescribed by section 695, the word "may" therein is to be construed as meaning "must." (*Brenner* v. *Los Angeles,* 160 Cal. 72, 79 [116 Pac. 397]; *Stockton Plumbing & S. Co.* v. *Wheeler,* 68 Cal. App. 592, 599 [229 Pac. 1020]; *County of Los Angeles* v. *State,* 64 Cal. App. 290, 297 [222 Pac. 153].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 14, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1929.

All the Justices present concurred.