[Civ. No. 8108.   Third Dist.   May 28, 1952.]

COUNTY OF NEVADA, Respondent, v. OSCAR PHILLIPS et al., Appellants.

Miller, Kroloff & Brown for Appellants.

Vernon Stoll, District Attorney, for Respondent.

ADAMS, P. J.—Plaintiff filed this action against defendants, alleging that said defendants, by reason of their negligent and careless operation of a truck, had damaged a bridge maintained by plaintiff as a part of its public road system. Defendants Phillips and Boswell were served with summons in the county of Nevada and both answered. They denied the allegations of the complaint and alleged contributory negligence on the part of plaintiff. Said defendants then demanded a jury trial and plaintiff filed a memorandum to set the cause for trial. July 16, 1951, was set as the trial date, but prior thereto defendants noticed a motion for a

change of venue to San Joaquin County on the ground that the action having been brought by a county it could not be tried in such county, "as provided for by section 394 of the Code of Civil Procedure." An affidavit of merits was filed by one of the attorneys for defendants in which he alleged that said action had been commenced in and for the county of Nevada, but it contained no allegation as to defendants' place or places of residence.

After argument the motion for a change of venue was denied by the court, whereupon defendants appealed from said order.

Nowhere in the record does it appear that either of the defendants was not a resident of Nevada County. It is obvious that in the trial court and also in the opening brief of appellants their contention was that solely by reason of the fact that the county was a party to the action it was mandatory upon the trial court to transfer it to another county.

Section 394 of the Code of Civil Procedure provides: "An action or proceeding *against* a county, or city and county, may be tried in such county, or city and county, unless such action or proceeding is brought by a county, or city and county, in which case it may be tried in any county, or city and county, not a party thereto.

"Whenever an action or proceeding is brought *by* a county, city and county, or city, against a resident of *another* county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, and other than that in which the defendant resides, or is doing business, or is situated." (Italics added.)

We construe the foregoing section as providing that an action such as this, brought by a county against defendants who, for aught that appears, are residents of the same county, is properly triable in that county, and that it is only when the defendants or one of them is a resident of another county that the court is obligated to change the place of trial, at least as to such defendant, and that the obligation then is to transfer it, not to a county which may be selected by a nonresident defendant, but to a county, selected by the court, in which none of the defendants is a resident. As hereto-

fore stated, the record before us gives no indication that either of the above named defendants resided out of Nevada County; and we think that the trial court properly denied the motion for change of venue in the absence of any showing whatsoever that defendants did not reside in Nevada County, and, if not, where they did reside. From the fact that defendants were served with process in Nevada County, and also from the fact that nowhere in the record did they show where they did reside, it may well have been inferred that they were residents of that county. The intent of the foregoing statute is, apparently, to permit the trial of an action brought by a county to be tried in that county when the defendants reside therein, on the assumption that where all parties are in effect residents therein no disadvantage to either would result; but that where one or the other of the defendants is a resident of another county the venue, at least as to him, should be changed to a county other than the plaintiff county, and other than the county of the residence of said defendant, so that neither party would then be advantaged by reason of residence. See *City of Oakland* v. *Darbee,* 102 Cal.App.2d 493 [227 P.2d 909].

█ Appellants in their closing brief state that at the time of the oral argument in support of their motion for a change of venue, it was "pointed out" to the trial court that Boswell was not a resident of the county of Nevada. This court cannot, however, act upon a mere assertion of an appellant in his brief as to matters not shown by the record, and reverse a judgment of a trial court thereon.

█ Upon the record before the trial court and now before us defendants were not entitled to a change of venue. See *Fitzpatrick* v. *Sonoma County,* 97 Cal.App. 588, 591 [276 P. 113].

The order appealed from is affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.