[Civ. No. 35267. First Dist., Div. One. Oct. 4, 1974.]

CITY OF ALAMEDA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
CITY OF OAKLAND et al., Real Parties in Interest.

**COUNSEL**

Frederick Cunningham, City Attorney, and Carter Stroud, Assistant City Attorney, for Petitioner.

No appearance for Respondent.

J. Kerwin Rooney, Thomas D. Clark, Edwin A. Heafey, Jr., Crosby, Heafey, Roach & May, Pillsbury, Madison & Sutro, Noble K. Gregory, Allan N. Littman, Donald G. McNeil, Davis, Craig & Bartalini and James B. Davis for Real Parties in Interest.

**OPINION**

**SIMS, Acting P. J.**—An alternative writ of mandate was granted pursuant to the provisions of section 400 of the Code of Civil Procedure to review the action of the trial court in denying petitioner's motion for a change of venue which was predicated upon the provisions of section 394 of that

code.[1] In support of the order it is contended that the provisions of the section leave the question of the proper place of trial to the discretion of the trial court when an action between two cities in the same county is involved. It is concluded that the provisions of the section require a change of venue, unless under the proviso in the section a disinterested judge is assigned to hear issues not triable by a jury.

The petitioner City of Alameda is one of the defendants in an action in the respondent court brought by the City of Oakland and other plaintiffs whereby a writ of mandate and injunctive relief is sought to prevent the building of new residential housing because of the operation and expansion of the Oakland Airport, Oakland, acting by and through its board of port commissioners, filed its complaint on May 23, 1974.

Real party in interest Harbor Bay Isle Associates is a joint venture composed of Doric Development, Inc. and Utah International, Inc. Harbor Bay owns over 900 acres of land on Bay Farm Island in the City of Alameda which it desires to develop for residential and other purposes. Bay Farm Island is presently primarily a residential area with over 4,000 inhabitants.

The theory of the real parties' action below is that the Port of Oakland, in operating and expanding the Oakland Airport, will inevitably increase the noise impact upon the residents of Bay Farm Island (a part of the City of Alameda) and this prospective damage deprives Alameda of the power to permit the construction of any more homes on Bay Farm Island.

The complaint is in six counts, five of which seek mandate. The first cause of action seeks to preclude Alameda from granting any building permits or approving any subdivision map anywhere within the City of Alameda, contending that the City of Alameda General Plan is deficient in not including an open space element or a noise element. The second cause of action seeks to set aside the approval by the City of Alameda Planning Board of an application by Harbor Bay for a project to construct 711 residential units on 86 acres of land. Oakland contends that the findings were insufficient and the environmental impact report was inadequate. The third and fourth

---

[1]Code of Civil Procedure section 394 provides in pertinent part as follows: "(1) An action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, unless such action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated. . . . When the action or proceeding is one in which a jury is not of right, or in case a jury be waived, then in lieu of transferring the cause the court in the original county may request the chairman of the Judicial Council to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith. . . ."

causes of action attack the rezoning pursuant to an ordinance of Alameda of part of the real property involved to R-1-PD, contending that the environmental impact report was defective. The fifth cause of action contends that certain regulations of the California Department of Aeronautics designed to reduce airport noise precluded Alameda from rezoning the property for residential use except for high-rise apartments with adequate acoustical protection. The sixth cause of action states that the City of Alameda Planning Board will, unless enjoined, approve a final subdivision map and a development plan and will permit construction.

On June 7, 1974, Alameda filed and served its notice of motion for a change of venue pursuant to Code of Civil Procedure section 394. (See fn. 1 above.) A hearing on that motion was held on June 19, 1974. At the hearing there was no dispute as to the facts. The action is one brought by one city against another city, both of which are located within the same county. On June 20, 1974, the lower court denied the motion to transfer venue to a neutral county. The lower court, during the course of argument on the motion, expressed the view that because both parties (the City of Alameda and the City of Oakland) are located within the same county, there is no right under section 394 to transfer the action to a neutral county because there can be no prejudice to either party.

As simplified, the language of the first sentence of section 394 reads as follows: "An action or proceeding against a . . . city . . . may be tried in . . . the county in which such city . . . is situated, unless such action or proceeding is brought by a . . . city . . . in which case it may be tried in any county . . . not a party thereto and in which the city . . . is not situated."

It is the position of the petitioner, Alameda, that the first sentence of section 394 compels the transfer of the proceeding to a neutral county where both parties are cities within the same county. The real party, Oakland, asserts that section 394 does not require a transfer of the proceeding, but that it is a matter of judicial discretion. Oakland contends that there is no language which provides that the court "shall" or "must" transfer the case, and that in view of the use of the word "may," as opposed to the word "must" employed in other portions of the section, the trial court properly exercised its discretion in denying Alameda's motion. (See *Ostrander* v. *City of Richmond* (1909) 155 Cal. 468, 470 [101 P. 452]; *Isom* v. *Rex Crude Oil Co.* (1903) 140 Cal. 678, 679-680 [74 P. 294]; *Driscoll* v. *East-West Dairymen's Association* (1942) 52 Cal.App.2d 468, 472 [126 P.2d 647]; and note Gov. Code, § 14; Bus. & Prof. Code, § 19. Cf. *Estate of Moore* (1919) 180 Cal. 570, 585 [182 P. 285]; *Crocker* v. *Conrey* (1903) 140

Cal. 213, 218 [73 P. 1006]; *Kropp* v. *Sterling Sav. & Loan Assn.* (1970) 9 Cal.App.3d 1033, 1044 [88 Cal.Rptr. 878]; and *Bell* v. *Redwine* (1929) 98 Cal.App. 784, 787 [277 P. 1050].)

Oakland's approach centers upon the use of the word "may" which appears after the phrase "unless such action or proceeding is brought by a . . . city . . . in which case it *may* be tried in any county . . . not a party thereto and in which the city . . . is not situated." If Oakland's position is the correct one then the trial court acted properly. However, Alameda's interpretation of the section appears to be more appropriate.

The use of the word "may" as noted does not necessarily mean that a transfer is discretionary when the controversy is between two cities within the same county. Rather, the section should be interpreted to mean that where it is shown that both parties are cities within the same county a transfer is required (except as will be discussed *infra*) and the proceeding *may* be transferred to any other neutral county. In other words, the combination of the permissive "may" in the first clause quoted above, and the use of "unless" in the qualifying clause make it clear that when two cities in the same county are adversaries the case cannot be tried over objection in that county.

The appearance of the word "may" in the last clause only indicates those counties where the action should be transferred; or may be transferred. Such a construction of the section appears proper in light of the alternative open to the trial court where a jury trial is not a matter of right. The present proceeding seeks injunctive relief and a writ of mandate, neither of which gives either party the right to a jury trial. The trial court could therefore have requested the Chairman of the Judicial Council to assign a disinterested judge to try the case. Either a transfer of the case out of the county, or bringing in a neutral judge would avoid the appearance of prejudice to either city. In a contest between two cities within the same county no judge should be put in the position of appearing to choose between possibly conflicting loyalties or interests, especially where his election to the bench depends upon the attitude of all the voters in the entire county.

This interpretation is in accord with the express policy of the law to avoid prejudice to a party. (See generally *Garrett* v. *Superior Court* (1974) 11 Cal.3d 245, 248 [113 Cal.Rptr. 152, 520 P.2d 968]; and *Finance & Construction Co.* v. *Sacramento* (1928) 204 Cal. 491, 493 [269 P. 167].) The lower court reasoned that where both cities are within the same county no possibility of prejudice can exist as to either party. That may or may not be empirically true. The trial court apparently relied upon the *Sacramento* case

*supra,* as being dispositive of the instant case. But the question presented in that case was "whether or not a person who owns a tract of land upon which he is growing pasturage and a crop of barley is 'doing business' in the sense in which this expression is used in said section 394 of the Code of Civil Procedure." (204 Cal. at p. 493.) The Supreme Court was not there concerned with the problem here.

Nor is *Garrett, supra,* controlling either. There the question was "whether real party in interest, Riverside County Flood Control and Water Conservation District (District) is a 'local agency' under Code of Civil Procedure section 394, pertaining to motions for change of venue." (11 Cal.3d at pp. 246-247, fn. omitted.)

In *County of Nevada* v. *Phillips* (1952) 111 Cal.App.2d 428 [244 P.2d 495], it is suggested that where all the parties to the action are residents of the same county no prejudice could result. (See 111 Cal.App.2d at p. 430; see also *City of L. A.* v. *Pacific Tel. & Tel. Co.* (1958) 164 Cal.App.2d 253, 257-259 [330 P.2d 888].) That case, however, did not concern the sentence of section 394 under consideration here. Further, it does not appear in the record in that case whether the appellants were or were not residents of Nevada County. Thus, the statement was dicta in light of the holding that the appellants were not entitled to a change of venue upon the record before the court.

█ Oakland contends that the case can only be transferred upon a showing of possible prejudice justifying a change of venue pursuant to section 397. Apparently neither Alameda nor Oakland, nor the trial court considered the possible application of section 397 to this case. However, section 394 is a specific statute dealing with the venue of actions by or against counties and other public entities. It is designed to obviate the appearance of prejudice as well as actual prejudice or bias. It would be redundant if it were necessary to prove the same prejudice as is required under section 397.

The trial court apparently was concerned with the possibility of having many cases transferred out of Alameda County if the petitioner's position were adopted. But neither the court nor any of the parties seems to have been aware of the provision allowing the trial court to request a neutral judge.[2]

---

[2]Pending argument on the alternative writ, this court granted a stay of real parties' in interest application for preliminary injunction, but subject to permission to proceed before an assigned judge.

Let a peremptory writ of mandate issue directing the trial court to set aside the order denying petitioner's motion for change of venue and directing it to enter an order granting petitioner relief under the provisions of section 394 of the Code of Civil Procedure in accordance with the views expressed herein.

Elkington, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.