Filed 7/17/13  Byrnes v. Fischer CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY BYRNES, as Trustee, etc.,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WAYNE FISCHER,<br><br>        Defendant and Appellant;<br><br>ANDREA SULLIVAN et al.,<br><br>        Defendants and Respondents. | A132562<br><br>(Sonoma County<br>  Super. Ct. No. SPR 78640) |

Wayne Fischer, representing himself, appeals from an order filed on June 8, 2011, which, among other things, settled the first and final account of successor trustee Anthony Byrnes.  He raises a number of contentions throughout his opening brief, apparently claiming that each one warrants reversal of the order.  We disagree, and accordingly, affirm.

**FACTS**

**A.    Background**

On or about November 10, 1988, the 1988 Fischer Living Trust was created by Harold Fischer and Alice Fischer; their four children (Wayne Fischer, Juel Bortolussi, Kim Fischer, and Andrea Sullivan) were named beneficiaries of the trust.  Following the death of Harold and Alice Fischer, their son Wayne Fischer became the sole trustee.

1

On August 11, 2006, beneficiary Juel Bortolussi filed a petition to remove Wayne Fischer as trustee, for the appointment of a new trustee, and for an account. Similarly, in April 2007, beneficiary Andrea Sullivan filed a petition to remove Wayne Fischer as trustee, and for the appointment of a new trustee. Wayne Fischer, as trustee, presented an interim account and report of the administration of the trust, covering the period from November 13, 2004 to December 31, 2007. Beneficiaries Juel Bortolussi and Andrea Sullivan filed objections and amended objections to that account, which were opposed by Wayne Fischer. To resolve their dispute, all of the beneficiaries agreed to binding arbitration.

The arbitrator William M. Andrews issued several orders in 2008 relating to the trust. On August 7, 2008, Wayne Fischer's powers as trustee were suspended, and Anthony Byrnes, as temporary successor trustee, formally took control of the trust's bank accounts on or about October 21, 2008. The superior court confirmed Byrnes' appointment as temporary successor trustee. Wayne Fischer filed another interim trust account for the period January 1, 2008 through October 21, 2008. After several hearings, the arbitrator issued an award and order in September 2010, resolving the objections to both trust accounts filed by Wayne Fischer as trustee. On January 19, 2011, the superior court issued a judgment confirming the arbitrator's award.

### B.    Current Proceeding

On or about April 19, 2011, Anthony Byrnes filed a first and final account as trustee, seeking approval of his account for the period commencing October 22, 2008, and ending February 28, 2011, instructions regarding distribution of certain trust property and any claim asserted by Laurie Walker, court acceptance of his resignation as trustee, and court appointment of Don R. Hughes, as successor trustee, to conclude the administration of the trust. On May 3, 2011, Byrnes filed an amendment to his trust account to reflect a payment that was owed and paid to beneficiary Juel Bortolussi. On June 2, 2011, Wayne Fischer filed an objection to Byrnes's account on the grounds that it was incomplete and contained several omissions.

2

At the superior court hearing on June 8, 2011, Byrnes appeared by his counsel, and beneficiaries Wayne Fischer, Kim Fischer, and Andrea Sullivan, appeared on their own behalf. At the conclusion of oral argument, the court approved the trust account submitted by Byrnes. The court issued a written order on June 8, 2011, in which, among other things, the trust account submitted by Byrnes was approved. Wayne Fischer filed a timely notice of appeal.[1]

## DISCUSSION

It is well settled that a party challenging an order "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) We conclude the appellate record submitted by Wayne Fischer is insufficient to address his appellate contentions.

Wayne Fischer specifically elected to proceed by filing an appendix and "without a reporter's transcript of the oral proceedings in the superior court" on June 8, 2011. Although our appellate rules permit an in propria persona litigant to proceed by using a settled statement in lieu of a reporter's transcript (Cal. Rules of Court, rule 8.137(a)), there is no indication Wayne Fischer made the required application to the superior court. In his notice designating the record on appeal, he acknowledged his understanding "that without a record of the oral proceedings in the superior court, [this court] will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings." Additionally, the appendix consists of only portions of numerous documents. For example, the September 2010 arbitration order contains only four pages of what is clearly a multiple-page document. Wayne Fischer's petition seeking court approval of an interim trust account for the period from January 1, 2008 through October 21, 2008, includes the attachment of that account to that petition, but the documents in the appendix following that petition appear to be the schedules of

---

[1] In response to Wayne Fischer's opening brief, Kim Fischer has filed a respondent's brief in support of the appeal, Andrea Sullivan has filed a respondent's brief labeled declaration opposing the appeal, and Anthony Byrnes has filed a respondent's brief opposing the appeal.

3

receipts and disbursements for the account period November 13, 2004 through December 31, 2007, and in a later portion of the appendix there is one page labeled, "The 1988 Fischer Living Trust Notes to Financial Statements January 1, 2008 through October 21, 2008." Also, Wayne Fischer has included in the appendix a July 27, 2011 letter he wrote to the trustee and a September 20, 2011 "notice of association of counsel" sent to him by the trustee's attorney. However, those documents cannot be considered by this court because they were not before the superior court when it issued its June 8, 2011 order. (*In re James V.* (1979) 90 Cal.App.3d 300, 304 [an appeal "reviews the correctness" of an order "as of the time of its rendition, upon a record of matters which were before the [superior] court for its consideration"].)

Because we do not have a reporter's transcript or settled statement of the June 8, 2011 hearing, we do not know the basis for the superior court's approval of the trust account submitted by Byrnes. Therefore, Wayne Fischer's arguments challenging the court's ruling are not cognizable on this appeal. Also, as a court of appeal, we cannot "act upon a mere assertion of an appellant in his brief as to matters not shown by the record, and reverse" an order of the superior court. (*County of Nevada v. Phillips* (1952) 111 Cal.App.2d 428, 430.) Consequently, we cannot consider Wayne Fischer's explanation for filing a late objection or his request for relief based on certain alleged statements made to him by counsel for Anthony Byrnes. We see no reason to consider further the merits of his appeal.

4

## DISPOSITION

The June 8, 2011 order is affirmed.  Anthony Byrnes and Andrea Sullivan are awarded costs on appeal.

_____

Jenkins, J.


We concur:


_____

McGuiness, P. J.


_____

Siggins, J.