[Civ. Nos. 3021, 3022.    Third Appellate District. — September 29, 1926.]

## THE CITY OF STOCKTON (a Municipal Corporation), Respondent, v. J. N. WILSON et al., Appellants.

**[1]** PLACE OF TRIAL—EMINENT DOMAIN PROCEEDING—STATUTORY CONSTRUCTION — LEGISLATIVE INTENT. — The evident purpose of the legislature in adopting section 394 of the Code of Civil Procedure was to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral ground; and where a city situated in one county commences a proceeding in another county to condemn the defendants' lands in the latter county for a reservoir site, and said defendants are residents of a third county, the proceeding is already pending in a neutral county, and to require a transfer to another neutral county would be to require an idle act, which the legislature never intended.

**[2]** ID. — ARBITRARY RIGHT TO TRANSFER — CONSTITUTIONAL LAW.—If section 394 of the Code of Civil Procedure was intended to give either party to such an action the arbitrary right to a transfer without any cause or reason therefor, it would be violative of article IV, section 25, subdivisions 4 and 33, of the constitution, prohibiting the enactment of special laws "providing for changing the venue in civil or criminal cases" and "in all other cases where a general law can be made applicable."

**[3]** ID.—PREJUDICE—QUESTION OF FACT — RESIDENCE. — Where a city situated in one county commences a proceeding in another county to condemn the defendants' lands in the latter county for a reservoir site, and it is made to appear that plaintiff is seeking to condemn the lands of a large number of owners in that county and that by reason thereof there exists among the residents of

that county a prejudice against plaintiff, a question of fact, rather than a question of law, is presented, and such facts might justify the transfer of the proceeding to another county; but where no such showing is made, and plaintiff's motion for transfer is made solely on the ground that the defendants are residents of a county other than that in which plaintiff is located and also other than that in which the proceeding is pending, the plaintiff is not entitled thereto.

(1) 20 C. J., p. 918, n. 83 New.    (2) 36 Cyc., p. 991, n. 87, p. 1013, n. 64; 40 Cyc., p. 117, n. 19, p 121, n. 74.    (3) 40 Cyc., p. 154, n. 32.

APPEAL from orders of the Superior Court of Calaveras County granting a change of venue in an eminent domain proceeding. J. A. Smith, Judge. Reversed.

The facts are stated in the opinion of the court.

Grove J. Fink and Alma M. Myers for Appellants.

J. LeRoy Johnson and Thos. S. Louttit for Respondent.

FINCH, P. J.—The plaintiff, a city situated in San Joaquin County, commenced the above-entitled proceeding in Calaveras County to condemn the defendants' lands in the latter county for a reservoir site. The plaintiff thereafter duly moved the trial court to transfer the proceeding to some other county for trial, on the sole ground that the defendants are residents of the city and county of San Francisco, and, by two separate orders, the court transferred the proceeding to Amador County. The defendants have appealed from both orders. The facts are undisputed and the only question presented is whether the plaintiff was entitled to the transfer on the ground stated. Section 394 of the Code of Civil Procedure provides:

"'An action or proceeding against a county, or city and county, may be commenced and tried in such county, or city and county, unless such action or proceeding is brought by a county, or city and county, in which case it may be tried in any county, or city and county, not a party thereto. Whenever an action or proceeding is brought by a county, city and county, or city, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of

either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, and other than that in which the defendant resides or is doing business or is situated. Whenever an action or proceeding is brought against a county, city and county, or city, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city is situated, and other than the defendant county, or city and county, or county in which such defendant city is situated."

[1] Plaintiff's application for a transfer comes within the literal language of the second sentence of the section quoted. The question to be determined is whether it comes within the spirit and intent of that section. The evident purpose is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral ground. But, at the time the motion was made, in so far as appears, the proceeding was pending in a neutral county, a county "other than that in which the plaintiff is situated" and "other than that in which the defendants reside," so that no purpose was to be served by a transfer to another neutral county. To require a transfer under such circumstances would be to require an idle act. "The law neither does nor requires idle acts." (Civ. Code, sec. 3532.) From the terms of section 394, viewed in the light of other sections relating to venue, it seems clear that its provisions were intended to apply to actions or proceedings commenced in a plaintiff county, the county in which a plaintiff city is situated, or the county of a defendant's residence. Section 1243 of the Code of Civil Procedure provides that proceedings in eminent domain "must be commenced in the superior court of the county in which the property sought to be taken is situated." After so pro-

viding, it is not to be presumed that the legislature intended by section 394 to give either party the right to a transfer in cases where no reason exists therefor. If the proceeding had been commenced in the city and county of San Francisco or in San Joaquin County, the grounds here urged in support of the transfer would have constituted no valid objection to the transfer for trial to Calaveras County, and the only ground upon which the orders could be affirmed would be to hold that section 394 gives either party the arbitrary right to a transfer without any cause or reason therefor. [2] If the section was intended to have that effect, then, to that extent, it is violative of article IV, section 25, subdivisions 4 and 33, of the constitution, prohibiting the enactment of special laws "providing for changing the venue in civil or criminal actions" and "in all other cases where a general law can be made applicable." A law giving the parties to an action or proceeding, commenced in a neutral county by a city or county against a resident of another county, the arbitrary right to a transfer to another county and denying that right to all other litigants would be a special law within the meaning of the constitutional provisions quoted. While such a law would apply equally to all litigants embraced in the class mentioned, the class would not be founded upon any "natural or intrinsic or constitutional distinction." (*City of Pasadena* v. *Stimson,* 91 Cal. 238, 251 [27 Pac. 604, 607]; *Darcy* v. *Mayor etc. of San Jose,* 104 Cal. 642, 647 [38 Pac. 500]; *Matter of Application of Miller,* 162 Cal. 687, 698 [124 Pac. 427]; *Mordecai* v. *Board of Supervisors,* 183 Cal. 434, 438 [192 Pac. 40].) In *City of Stockton* v. *Ellingwood* (Cal. App.), 248 Pac. 272, where the action had been commenced in the county of the defendant's residence and was thereafter transferred to another county on the plaintiff's motion, this court said: "It must be presumed in favor of the constitutionality of the section (394) that the legislature determined, upon sufficient investigation, that in a case such as this, in order to avoid any local bias which would probably affect the verdict of a jury, justice requires that the place of trial be changed to a neutral county." No such presumption, however, can be indulged in favor of the validity of a law giving one class of litigants the right to a change of venue from one neutral county to another and denying

the same right to other litigants. Respondent relies upon the case of *Daneri* v. *City of San Diego*, 55 Cal. App. 562 [203 Pac. 829], but the question here under consideration was not raised or discussed or even referred to in that case. The only question there considered was whether the application for a transfer "was made too late."

[3] If it has been made to appear that the plaintiff is seeking to condemn the lands of a large number of owners in Calaveras County and that by reason thereof there exists among the residents of that county a prejudice against the plaintiff, such facts might have justified the transfer which was made, but there was no such showing. Had the showing been made, it would have presented a question of fact for determination rather than a question of law. The motion having been made upon the sole ground that the defendants are residents of San Francisco and the affidavit in support of the motion stating no other facts to justify the transfer, it follows that the plaintiff was not entitled thereto.

The orders are reversed.

Pullen, J., *pro tem.*, and Plummer, J., concurred.