[Sac. No. 3996. Department One.—July 11, 1928.]

FINANCE AND CONSTRUCTION COMPANY OF CALIFORNIA (a Corporation), Appellant, v. CITY OF SACRAMENTO (a Municipal Corporation), Respondent.

Huston, Huston & Huston for Appellant.

R. L. Shinn for Respondent.

CURTIS, J.—This action against the defendant, the City of Sacramento, was filed in the county of Yolo. Said defendant appeared therein and moved the court for a change of the place of trial of said action upon the ground that the plaintiff was either a resident of or was doing business in said county of Yolo. The motion was granted and an order made changing the place of trial of said action from said county of Yolo to the county of Napa. From this order plaintiff has appealed. The order was granted under the authority of section 394 of the Code of Civil Procedure and was based upon the following state of facts: The action was brought against the City of Sacramento, the defendant, in a county other than that in which said city is situated, said city being situated in the county of Sacramento, and the action having been instituted in the county of Yolo; the action was brought to recover from said city damages alleged to have been sustained by reason

of the unlawful diversion by said City of Sacramento of the waters of the Sacramento River from said river on to plaintiff's land situated in the county of Yolo; there were two unlawful diversions complained of, one of which plaintiff alleges damaged a crop of barley growing upon one thousand acres of plaintiff's said land, one-fourth of which crop plaintiff was the owner of; the other diversion complained of destroyed the pasturage grown upon land belonging to plaintiff. Plaintiff is a corporation with its principal place of business in the city of San Francisco. It was therefore not a resident of said county of Yolo. The foregoing facts all appear in plaintiff's complaint, and were relied upon by defendant at the time of making said motion without any affidavit or other showing of any additional facts.

The question presented, therefore, is whether or not a person who owns a tract of land upon which he is growing pasturage and a crop of barley is "doing business" in the sense in which this expression is used in said section 394 of the Code of Civil Procedure.

The evident purpose of this section of the code, as was held in *City of Stockton* v. *Wilson*, 79 Cal. App. 422, 424 [249 Pac. 835, 836], "is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds." It is apparent from the terms of this section of the code that the legislature was of the opinion that a person doing business in a county would have an unfair advantage over a city situated without said county in the trial of an action in which such person and such city were arrayed against each other. It accordingly provided that in an action in which the parties were so situated the city might have the place of trial of said action changed to some other county where such condition did not prevail. The section is remedial in its purpose and should for that reason receive a liberal construction. Strictly speaking, it might be said that persons "doing business" are confined to those engaged in merchantable pursuits, such as merchants or others carrying on trade or commerce and it is in this sense, plaintiff contends, that the words are used in said section 394. The expression "doing business" has frequently been the subject of judicial determination, principally in proceedings wherein the right

of a corporation to transact business in a state other than that in which it is organized and has its principal place of business was under consideration. ▮ In at least one instance it has been held that "To 'do business' is to carry on any particular occupation or employment for a livelihood or gain, as agriculture, trade, mechanic arts, or profession" (*George R. Barse L. S. Com. Co.* v. *Range Val. Cattle Co.*, 16 Utah, 59 [50 Pac. 630, 632]). In none of the numerous decisions upon the subject do we find that the courts have given the words "doing business" the narrow construction contended for it by the appellant. In one of these cases, cited by appellant, this court held that the mere owning of land in this state by a foreign corporation and the execution and delivery of a deed of said land was not the transaction of business by such foreign corporation. The court further held that the phrase "to transact business" as used in the constitution was equivalent to the words "to do business" (*General Conference Free Baptists* v. *Berkey*, 156 Cal. 466 [105 Pac. 411]). There was nothing before the court in that case which showed that the foreign corporation owning said land was engaged in raising crops thereon, or that it did any other act in connection therewith than transfer the same by deed executed by it. We think it is more in keeping with the remedial purpose of section 394 to give the words this broader and more liberal meaning than to restrict them, as contended for by the appellant, to the narrow meaning of signifying those only who are engaged in trade or commerce. A person may become as intimately identified with the affairs of a community, and as closely associated with the people of such community in the ownership of a farm and the growing thereon of products of the soil as those who are engaged in carrying on a store or conducting a mill or foundry in the same community. In the event of a suit instituted by him against a city situated as the defendant city in this action finds itself, the same local prejudices could well exist in his favor and against said city as if the plaintiff in said action were the grocer or the hardware merchant in said community. We think the intent of the section of the code was to cover just such cases as well as those where the parties plaintiff were actually engaged in some strictly

commercial venture. We find nothing in *City of Stockton* v. *Wilson, supra,* in conflict with such a conclusion.

The further contention is made that there was no showing that the plaintiff was engaged in farming the land or growing crops thereon at the commencement of the action. It is alleged in plaintiff's complaint that it was, at the commencement of the action, the owner of said land, and that defendant threatened to and would, unless enjoined by this court, continue to discharge upon plaintiff's said land large volumes of water from the Sacramento River, thereby "destroying all crops growing thereon." We think this a sufficient allegation from which it might well be inferred that at the commencement of the action plaintiff had growing crops on said land, and in the absence of any denial whatever on plaintiff's part that it was, at the commencement of the action, engaged in growing crops upon its said land, such an allegation will support the implied finding of the court that plaintiff was, at the commencement of the action, engaged in producing crops on its said land.

The order is affirmed.

Preston, J., and Tyler, J., *pro tem.,* concurred.

Rehearing denied.

All the Justices present concurred.