[Civ. No. 5814. Third Appellate District.—January 13, 1938.]

FRANK H. ARCULARIUS et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

David R. Faries, Leonard S. Janofsky and Wayne R. Hackett for Appellants.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, J. M. Stevens, Assistant City Attorney, and Russell B. Jarvis and Carl A. Davis, Deputies City Attorney, for Respondent.

PLUMMER, J.—This action was begun by the plaintiffs to obtain an injunction against the defendants.

After the beginning of the action and the filing of the defendants' answer herein, two of the plaintiffs filed a motion for transfer of the action for trial from the county of Mono to some other county to be selected by the court. This motion was denied and the plaintiffs, Frank H. Arcularius and Olive C. Arcularius, appealed from the order of the superior court denying their motion for a change of venue.

The plaintiffs allege in their complaint that they are the owners and in possession of certain real property in Mono County; that they have a right to the use of the waters of Owens River and its tributaries flowing across the property belonging to them, and pray that the defendants be enjoined from causing the pollution of streams flowing across appellants' lands from interfering with underground waters and springs upon appellants' premises, and from interfering with, or diverting from their flow over the lands of the appellants the waters of Owens River, its tributaries and springs; also, from constructing any tunnel under the premises belonging to the plaintiffs, and from constructing certain roads or highways.

The defendants filed an answer denying the allegations of the plaintiffs' complaint, and in addition thereto offered, if any of the rights of the plaintiffs had been invaded by the City of Los Angeles, or any of its officers, to make suitable compensation therefor; that if any of the waters of Owens River, belonging to the plaintiffs, had been taken by the defendants, that compensation therefor be made, and the title of the defendant city be quieted. After the filing of the answer by the defendants just referred to, the appellants filed a motion to transfer the cause of action to some county other than

Mono as the place for trial. The motion contained the following allegations material to be considered: "Said motion will be made and based upon the grounds that at the time of the commencement of this action Frank H. Arcularius and Olive C. Arcularius were, and they ever have been residents of the County of Mono, State of California, and in business in said county; that said City of Los Angeles is a municipal corporation situate in the County of Los Angeles, State of California; that the plaintiffs desire said action transferred.

"Said plaintiffs make this motion for change of venue under the provisions of Section 394 of the Code of Civil Procedure of the State of California. Said motion will be made upon this notice. The affidavit of McIntyre Faries, a copy of which is filed herewith, and the law applicable thereto."

The defendants introduced certain testimony to the effect that at the time of the filing of the affidavit just referred to, both Frank H. Arcularius and Olive C. Arcularius had filed affidavits of registration showing that they were residents of the county of Inyo, and were persons entitled to vote therein. The record, however, shows conclusively that both of the plaintiffs just named were owners of property and doing business in the county of Mono. Their business corresponded to the business mentioned in the cases of *Finance & Construction Co. of California* v. *City of Sacramento,* 204 Cal. 491 [269 Pac. 167], and the case of *Glide* v. *City of Sacramento,* 204 Cal. 702 [269 Pac. 169].

Under subdivision A of section 392 of the Code of Civil Procedure, which specifies that an action for injuries to real property should be brought in the county in which the real property is situate, it would appear from the allegations of the complaint that this action was instituted in the proper county. ■ The motion, however, is based upon the second paragraph of section 394 of the Code of Civil Procedure, which reads: "Whenever an action or proceeding is brought by a county, city and county, or city, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county or city and county other than the plaintiff, if the plaintiff is a county or city and county, and other than that in which the plaintiff is situate, if the plaintiff is a city, and other than that in

which the defendant resides or is doing business, or is situate.''

The law appears to be well settled that if this action had been brought by the City of Los Angeles, the moving parties in this action would have been entitled to a change of venue as a matter of right under the provisions of the section just quoted. Based upon this premise, the appellants argue that they are likewise now entitled to a change of venue, even though they began their action in the county of Mono, in which they were either residents, or in which they were doing business, the theory of the appellants being that the action is really an inverse condemnation proceeding, and that the action has really been begun by the City of Los Angeles. This conclusion, however, appears to us to be illogical. We make this statement upon the allegations contained in the pleadings. The answer of the City of Los Angeles does not admit the taking of any property belonging to the plaintiffs. It specifically denies the appropriation of any property belonging to the appellants, but adds that if such be found by the court to be the case, then that the court find that the taking has been for a public use, and that compensation be made therefor by the payment of damages, rather than the granting of injunctive relief. This is not the beginning of an action; it is simply a defense to an action already commenced by the plaintiffs and pending in the county of Mono. Instead of being the beginning of an action, the answer in fact and in truth simply tenders an alternative relief to be granted to the plaintiffs. The prayer of the answer of course is no part of the pleading, but is simply a tender of relief and an offer to make compensation if the court finds that the defendant city has invaded any of the rights of the plaintiffs or appropriated any of the water rights belonging to the plaintiffs.

While the courts have used the word ''inverse'' where a property owner begins an action for damages to his property and also for injunctive relief, in contradistinction to an action based upon eminent domain proceedings, it does not alter the fact that the action has been begun by the property owner instead of by the city, based upon the law relating to eminent domain actions. It is simply the exercise of the equity powers of the court to conserve public uses and avoid the issuance of an injunction which would be detrimental to the public.

A number of cases have been cited approving the rule laid down in *Williams* v. *Merced Irr. Dist.*, 4 Cal. (2d) 238 [48 Pac. (2d) 664], to the effect that where compensation can be made for the taking and appropriating of private property to a public use, an injunction will not be granted, and in these cases appear the use of the word "inverse" in determining the rights of the respective parties in the actions involved, and the compensation to be made, based upon the extent of the damages. In none of these cases, however, is the precise question passed upon which is presented for our consideration upon this appeal.

The reasons for granting a change of venue are very clearly set forth in an action entitled *City of Stockton* v. *Wilson*, 79 Cal. App. 422 [249 Pac. 835]. The opinion, by Mr. Justice Finch, sets forth that the purpose of the statute is to give to a defendant an opportunity to have the cause tried in a neutral county where a suit is begun by a city; likewise, under certain conditions a change of venue may be had by either party, as where the law requires that an action shall be begun in a certain county subject to a change of venue, as provided in section 394 of the Code of Civil Procedure.

Here, the action has been begun by the plaintiffs in the county where the land is situate, and where it is alleged that they are residents. From which it follows that under the reasoning contained in the case of the *City of Stockton* v. *Wilson, supra,* there can be no presumption that so far as the plaintiffs are concerned, a fair and just trial may not be had in the county of Mono; that the city might raise the question that the property being located in the county of Mono, and the plaintiffs, either residents or persons doing business therein, would perhaps be unduly favored by having the trial in Mono County, before either court or jury, is entirely outside of the question, as the City of Los Angeles is an outside party coming into the county of Mono, and allegedly interfering with the property and property rights of a resident, or of a person doing business in the county of Mono. That the city might have a right, under the section mentioned, to ask that the trial be had in a neutral county, where the plaintiffs would not be unduly favored, does not give to the plaintiffs a right to have the action tried in some other county than the one where they have elected to institute the same.

Having elected to institute the action in Mono County, the proper county for the trial of the action, and the code provision not specifically granting the right to the plaintiffs for a change of venue, there appears in the record no substantial reason why we should read into the statute, by implication, something which was not incorporated therein by the legislature. It must not be overlooked that the pleadings upon which the motion was made distinctly denies the taking of any property belonging to the plaintiffs, or the interfering with any of the rights possessed by the plaintiffs. The fact that the plaintiffs may be shown to be entitled to different relief from that which they have prayed for, does not change the cause into an action begun by the City of Los Angeles.

The order of the trial court is affirmed.

Pullen, P. J., and Thompson, J., concurred.