[Civ. No. 23211. Second Dist., Div. One. Oct. 16, 1958.]

THE CITY OF LOS ANGELES, Respondent, v. PACIFIC TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Appellant.

John A. Sutro, Francis N. Marshall, Noble K. Gregory, Pillsbury, Madison & Sutro, Leslie C. Tupper and Lawler, Felix & Hall for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Ralph J. Eubank, Deputy City Attorney, for Respondent.

LILLIE, J.—Plaintiff, city of Los Angeles, filed an action in the Superior Court of Los Angeles County against defendant, The Pacific Telephone and Telegraph Company, a corporation, to recover the value of street occupancy. Its answer was filed and after plaintiff's demand for a jury defendant noticed its motion for a change of place of trial under section 394, Code of Civil Procedure. Defendant sought a change of venue to either Alpine or Mono County where it claimed it does not do business. From the minute order denying the motion, defendant appeals.

Section 394, Code of Civil Procedure, reads in pertinent part as follows: ''Whenever an action or proceeding is brought by a . . . city, against a resident of another county, city and county, or city, or a corporation doing business in the latter, the action or proceeding must be, on motion of either party, transferred for trial to a county . . . other than that in which the plaintiff is situated . . . and other than that in which the defendant resides, or is doing business, or is situated.''

The factual situation controlling the issue whether The Pacific Telephone and Telegraph Company is entitled to the benefit of a change of venue under this section is a simple one. It is conceded that the corporate defendant does business in the county of Los Angeles as well as in other counties of the state. Its principal place of business is the city and county of San Francisco. The city of Los Angeles has sued the defendant in the Superior Court of Los Angeles County, a proper forum.

Appellant contends that since it is doing business in more than one county, and section 394 is silent concerning the corporate defendant also doing business in the county in which it is sued, it is entitled to a literal interpretation of the section to invoke a mandatory application requiring a change of place of trial from the county of Los Angeles. On the other hand, respondent claims that under the section a corporate defendant doing business in a county other than that in which the action is brought by a municipality situated therein is not

entitled to the benefit of the change of venue therein provided it is also doing business in the county in which the action is brought.

It is apparent from the phraseology employed in the controlling portion of section 394 that an ambiguity arises because of the nature of a corporate entity and its business operations, which if literally applied would be neither reasonable nor in keeping with the purpose and intent of the statute. This situation is the result of the difference in factors determining the mandatory application of the section. In the case of an individual the determining factor is his "residence"; in the case of a corporation it is the fact of "doing business." When an individual defendant is a "resident of another county" (other than that in which the action is brought), it is clear from the statutory language that he may invoke the benefit of the change of venue—because legally he has only one county of residence. But since a corporate entity may do business in more than one county of the state, the use of the phrase "doing business in the latter" creates an indeterminate meaning, particularly when the corporate defendant is also doing business in the county in which the action has been properly brought. The meaning and language of this section is not as "clear-cut" as appellant would have us believe. Does the terminology employed, "doing business in the latter," mean that, if a corporation is doing business in more than one county, it is entitled to a change of venue regardless of whether it also does business in the county in which it is sued by a city located therein, as contended by appellant; or does it mean, as urged by respondent, that a corporate defendant doing business in a county in which an action is brought against it by a city located therein, regardless of where else in the state it is also doing business, is not entitled to a change of venue?

■ ". . . (I)t is a cardinal rule of construction that words must be given such interpretation as will promote rather than defeat the general purpose and policy of the law. . . ." (*Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189, 195 [93 P.2d 131]; *People* v. *Centr-O-Mart*, 34 Cal.2d 702 [214 P.2d 378]; *In re Lynwood Herald American*, 152 Cal.App.2d 901 [313 P.2d 584].) ■ It is well settled that "where the language of a statute is reasonably susceptible of two constructions, one of which in application will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive

of absurd consequences, the former construction will be adopted.'' (*Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189, at p. 195 [93 P.2d 131].)

█ For many years our courts have freely acknowledged the purpose of the Legislature in passing section 394. In *City of Stockton* v. *Wilson*, 79 Cal.App. 422 [249 P. 835], in interpreting the second sentence of section 394 in its application to an individual defendant, the court stated at page 424: ''The question to be determined is whether it (request for transfer) comes within the spirit and intent of that section. The evident purpose is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon a neutral ground.'' The statute as applied to an individual defendant is clear in its meaning and although the court therein did not transfer the cause because it was pending in a neutral county, it pointed up the purpose of the statute—to protect against local bias which might exist in favor of litigants within a county ''as against those from without.'' Obviously, if both parties, whether defendant be an individual or corporation, are ''within'' the same county either as a resident or doing business therein ''local prejudice'' or bias is not likely to exist; and if in a given case there is probability that a disadvantage will result, defendant is entitled to invoke the remedy under section 397, Code of Civil Procedure, which provides for a change of venue upon the ground of inability to obtain a fair trial.

The Supreme Court in *Finance & Construction Co.* v. *City of Sacramento*, 204 Cal. 491 [269 P. 167], voiced its approval of *City of Stockton* v. *Wilson*, 79 Cal.App. 422, at page 493 [249 P. 835] : ''It is apparent from the terms of this section of the code that the legislature was of the opinion that a *person* doing business in a county would have an unfair advantage over a city situated without said county in the trial of an action in which such person and such city were arrayed against each other.'' (Emphasis added.) The opinion discloses that the plaintiff therein designated as a ''person'' actually was a corporation. From this it appears entirely reasonable that if a corporation, doing business in a county in which a city is located, brings suit against it in that county, that no ''unfair advantage'' would result. The converse would also seem to be true.

■ Of interest also is *City of Oakland* v. *Darbee,* 102 Cal.App.2d 493, at page 498 [227 P.2d 909]: "The purpose of the statute is that of protecting either party from local bias," and *County of Nevada* v. *Phillips,* 111 Cal.App.2d 428 [244 P.2d 495], in which an individual was sued. The court therein said at page 429: "We construe the foregoing section (394) as providing that an action such as this, brought by a county against defendants who, for aught that appears, are residents of the same county, is properly triable in that county, and that it is only where the defendants or one of them is a resident of another county that the court is obligated to change the place of trial. . . ."; and again at page 430: "The intent of the foregoing statute is, apparently, to permit the trial of an action brought by a county to be tried in that county when the defendants reside therein, on the assumption that where all parties are in effect residents therein no disadvantage to either would result."

We believe that this reasoning applies as well to a corporate defendant also doing business in the county in which an action is brought against it by a city located therein. An interpretation of the statute imparting a right to a corporation which it denies to an individual is not, in the absence of good reason, justifiable. Common sense dictates that it is not the "resident" individual or the corporation "doing business" in the county of the forum that the section seeks to protect against "local" bias or prejudice, but the person residing in, or a corporation doing business in, another county than that in which the defendant has been sued. The purpose of the section is to provide a change of place of trial where local bias may be presumed to arise because the defendant is wholly from "without the county." A corporate defendant can be wholly from "without the county" only if it is not doing business therein. In the instant case defendant is doing business in Los Angeles County.

Appellant has cited *Yuba County* v. *North America etc. Min. Co.* (1909), 12 Cal.App. 223 [107 P. 139], in support of its position. At the outset, it is interesting to note in the instant case that nowhere in the motion, affidavit, or appellant's briefs does it *directly* advise the court that it is actually doing business in the county of Los Angeles. In its attempt to take advantage of the literal wording of section 394 and bring it technically within the exact language of the Yuba County case, appellant has been careful to couch its motion, and affidavit in support thereof, in the very terms of the stat-

ute itself and those used by the court in the opinion, without any factual elaboration. Actually *Yuba County* v. *North American etc. Min. Co., supra,* lends little aid to appellant. It does not appear in the court's opinion that the corporate defendant was also doing business in Yuba County, the county in which the action was brought against it. Yuba County filed an action against defendant corporation which the court stated was "doing business in another county." The court followed the exact language of the statute and a careful reading of the opinion discloses that in doing so, it actually meant "doing business in a county other than Yuba County." The court at no time declared the corporation was also doing business in Yuba County. One of the major points decided by the court was the county's contention that if section 394 permitted a corporation not doing business in Yuba County to transfer the trial while a corporation doing business in Yuba County was denied such right, then the statute was in violation of the constitutional provisions prohibiting special legislation. The court recognizing this effect theorized as follows: "This discrimination is found in other sections where the right to have the place of trial changed is placed upon the distinct ground that the defendant resides in a county other than the county in which the action is commenced, and this although had the defendant been a resident of the latter county he could not have the venue changed." It seems apparent that had the court determined the corporation was also doing business in Yuba County, the county could not have properly raised this contention, nor would the court have considered it. We do not deem this case to be persuasive here.

We have been directed to no case deciding the precise question here involved, but considering the obvious purpose and intent of the statute, the protection it seeks to impart, and previous judicial construction of its language, we believe that the Legislature did not ever intend that a corporate defendant doing business in a county in which it is sued by a municipality located therein, as well as without the county, should have the benefit of the change of venue provided in section 394, Code of Civil Procedure. We conclude that the venue provisions under this section may not be invoked by a corporation defendant doing business in a county in which an action is brought against it by a city situated therein.

This conclusion justifies only brief mention of appellant's other contention that the affidavit supporting its motion, alleging it is not doing business in Alpine and Mono

Counties, establishes a neutral area in which the action should be tried.

The applicable part of section 394 provides that "the action or proceeding must be, on motion of either party, transferred for trial to a county . . . other than that in which the plaintiff is situated . . . and other than that in which the defendant resides, or is doing business, or is situated."

Defendant's affidavit alleged the following conclusion: "Said corporation at all said times has been and now is doing business within each of the counties located within the State of California except Alpine County and Mono County. Said corporation has not during said times done and does not now do any business within said Alpine and Mono counties." Nothing further was alleged in support of this conclusion. Plaintiff on the other hand filed a lengthy counteraffidavit alleging among other things that defendant possesses a "franchise to construct, maintain and operate telephone and telegraph lines on the public roads, highways and other public places throughout the State of California," and that defendant had represented and successfully established in prior litigation before the State Public Utilities Commission that "we (The Pacific Telephone and Telegraph Company) are offering public mobile radio telephone service in effect throughout the state where anyone applies for it to us." It described in detail the manner in which defendant holds itself out as engaged in the selling of those services.

█ The burden of proof justifying a change of venue rests on the moving party. (*Clapp* v. *Kramer,* 162 Cal.App. 2d 237 [328 P.2d 510]; *Lakeside Ditch Co.* v. *Packwood C. Co.,* 50 Cal.App. 296 [195 P. 284]; *Ward Mfg. Co.* v. *Miley,* 131 Cal.App.2d 603 [281 P.2d 343].) █ Plaintiff's counteraffidavit relates numerous facts showing, among other things, that defendant itself in prior litigation claimed and successfully established certain activities tending to show its business operations throughout the state. Implicit in the lower court's minute order is the finding that there is no county in California in which defendant does not do business. In view of the bare conclusion contained in defendant's affidavit, the trial court may well have believed no factual conflict existed and made its determination solely from the averments of the counteraffidavit. However, if in the mind of the trial judge the affidavits raised a factual conflict, it is obvious that he resolved it adverse to the defendant. █ Upon the issue of change of venue the averments of the affidavit of

the prevailing party may be deemed to be the findings of the court below (*Swartz* v. *California Olive Growers' etc. Corp.*, 56 Cal.App.2d 168 [133 P.2d 20]; *Gordon* v. *Perkins*, 203 Cal. 183 [263 P. 231]; *C. H. Parker Co., Inc.* v. *Exeter Refining Co.*, 26 Cal.App.2d 610 [79 P.2d 1114]); and such findings will not be disturbed on appeal unless it is clear that the order was the result of arbitrary action. (*Clapp* v. *Kramer*, 162 Cal.App.2d 237 [328 P.2d 510]; *Miller* v. *Collins*, 8 Cal.App.2d 10 [47 P.2d 334]; *Hubbard* v. *Mt. Raymond Min. Co.*, 33 Cal.App.2d 474 [92 P.2d 411, 93 P.2d 95].)

▪ In consideration of the record before us, the acknowledged intent of section 394 and the authorities, we are unable to say that the order was the result of arbitrary action.

Application of section 394 to a corporate defendant doing business in every county is discussed by the court in *City of Oakland* v. *Darbee*, 102 Cal.App.2d 493, at pages 501-502 [227 P.2d 909]: "There is implicit in appellant's argument the view that if the record showed that the Bank of America was doing business in every county of this state there would be no county to which the court could transfer the proceeding in response to respondents' (individual defendants) motion. That would not necessarily follow. It might mean merely that the bank could not invoke the statute, simply because there would be no county, or other county, in which the bank was not doing business." It would appear from this that if defendant is doing business in every county in the state the denial of its motion, on this ground alone, was proper.

▪ In determining what constitutes "doing business" as that term is used in section 394, a broad construction was permitted by the Supreme Court in *Finance & Construction Co.* v. *City of Sacramento*, 204 Cal. 491, at page 494 [269 P. 167]: "We think it is more in keeping with the remedial purpose of section 394 to give the words this broader and more liberal meaning than to restrict them, as contended for by the appellant, to the narrow meaning of signifying those only who are engaged in trade or commerce." Appellant has cited several authorities dealing primarily with foreign corporations and service of process which we deem not controlling here. In line with the broad construction permitted by the court in the *Finance & Construction Co.* v. *City of Sacramento, supra*, case we are inclined toward the definition of the court in *Helvering* v. *Highland* (1942), 124 F.2d 556, at page 561: "... 'carrying on any trade or business' is now said to

mean 'holding one's self out to others as engaged in the selling of goods or services.' See *Deputy* v. *Du Pont*, 308 U.S. 488, 499 [60 S.Ct. 363, 369, 84 L.Ed. 416], quoted with approval in *Helvering* v. *Wilmington Trust Co.*, 3 Cir., 124 F.2d 156; *cf. Higgins* v. *Commissioner*, 312 U.S. 212 [61 S.Ct. 475, 85 L.Ed. 783]."

For the foregoing reasons, the order is affirmed.

White, P. J., and Fourt, J., concurred.