[S. F. No. 10252.   In Bank.—October 10, 1922.]

## SAUL R. JACOBS, Appellant, v. BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al., Respondents.

[1]   DENTAL ACT — REVOCATION OF LICENSE — UNPROFESSIONAL CONDUCT—PROCEDURE.—The State Board of Dental Examiners has jurisdiction to hear and determine an accusation for unprofessional conduct made under the third subdivision of section 13 of the Dental Act (Stats. 1915, p. 698), notwithstanding no method of procedure is provided by section 14 which expressly makes provision for the procedure under accusations for other causes.

[2] ID.—REVOCATION OF LICENSE—INFORMATION OF PAID INVESTIGATOR —POWER OF BOARD.—The State Board of Dental Examiners has jurisdiction to revoke a license for unprofessional conduct upon information obtained by a paid investigator employed by the board, since the provision of section 14 of the act providing for proceedings based "upon the information of another" is not only permissive, but relates solely to proceedings upon an accusation charging a dentist with grossly unskillful or negligent practice.

[3] ID.—PRACTICING DENTISTRY—PERFORMANCE OF OPERATION—CONSTRUCTION OF ACT.—Under subdivision 2 of section 2 of the Dental Act providing that any person shall be understood to be practicing dentistry within the meaning of the act who shall for a fee, salary or reward, paid directly or indirectly to himself or to some other person, perform an operation of any kind upon, or treat diseases or lesions of the human teeth or jaws, or correct malimposed positions thereof, it does not require the · performance of a surgical operation to bring one within the purview of the law.

[4] ID. — TAKING IMPRESSION OF PLATES — UNLICENSED DENTIST — PRACTICING OF DENTISTRY.—An unlicensed dentist who makes a plaster paris mould or cast of a patient's mouth for the purpose of getting the measure for a plate, takes a "wax bite" and puts a wax plate set with teeth in the patient's mouth for a "try-in," is practicing dentistry within the meaning of subdivision 2 of section 2 of the Dental Act, and a licensed dentist who permits such an employee to perform such acts is guilty of unprofessional conduct.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alfred S. Humphreys, Leon E. Gray and Markell C. Baer for Appellant.

Oliver Dibble for Respondents.

WASTE, J.—A verified written accusation was filed with the state board of dental examiners, charging petitioner with unprofessional conduct. After a formal hearing the board found petitioner guilty of aiding and abetting an unlicensed person to practice dentistry unlawfully, and suspended his license for five years. Petitioner sought to test the legality of his trial and conviction upon a writ

of review issued in the superior court. After a hearing on said writ the judgment of the board was affirmed and the writ was dismissed. Petitioner now appeals from the judgment of the superior court. The salient facts are gathered from the return to the writ made in the court below.

Complaint being made to the board of dental examiners that one Finley, and others, were unlawfully practicing dentistry in the city of Oakland, A. Boyiarides, an investigator employed by the board and acting under the direction of its attorney, was sent to investigate the matter, and, if possible, to secure evidence of such unlawful practice. Boyiarides went to a dental office in the city of Oakland and found Dr. Jacobs, the petitioner, in charge. He submitted himself to the petitioner for the purpose of having a plate made. Dr. Jacobs made an examination of his mouth and told him that it would cost twenty-five or thirty dollars for the plate. The price of fifteen dollars was finally agreed upon, and Boyiarides paid Dr. Jacobs five dollars. Thereafter Boyiarides visited the dental office several times. On the first visit Finley made a plaster paris mould or cast of Boyiarides' mouth for the purpose of getting the measure for the plate. On the next day Finley took a "wax bite" of the mouth of Boyiarides by placing a piece of wax in his mouth and telling him to bite into it. On the third visit Finley put a wax plate set with teeth in Boyiarides' mouth for a "try-in," causing the patient to bite into the wax mould for a "try-in." On the fourth visit the finished plate was delivered by Finley to Boyiarides, who paid Finley ten dollars, taking his receipt for the money. On one of his visits to the office Boyiarides observed Finley taking a plaster cast of the mouth of another patient. On another occasion he saw Finley "working in another man's mouth." It was established by the testimony of a witness connected with the dental office that Finley was employed there for the purpose of taking impressions of plates.

[1] The petitioner on this appeal attacks the action of the board of dental examiners upon the ground that its action was without due process of law and in excess of its jurisdiction. The contention, in brief, is that the Dental

Act (Stats. 1915, pp. 698, 706) does not confer power upon the board to revoke or suspend the license of a dentist for unprofessional conduct. He bases his contention upon the fact that section 14 of the act provides that proceedings to revoke or suspend any license, under the first subdivision of section 13, for the conviction of a felony or misdemeanor must be taken by the board on the receipt of a certified copy of the record of conviction, and that the proceeding under the second subdivision of section 13, based upon unskillful or negligent dental practice, may be taken upon the information of another, the statute being silent as to how the board may proceed on a proceeding to revoke or suspend a license of a dentist for unprofessional conduct, as provided in the third subdivision of section 13. Petitioner therefore contends that there is no provision by which the board may proceed to the trial of one charged with unprofessional conduct. There is nothing in this point. To apply such a construction to the statute would leave the board powerless to proceed in those cases which, no doubt, call for the largest intervention of its powers. Having conferred the power upon the board to revoke or suspend licenses for the three general causes specified, and having directed how the proceedings may be had under two of the provisions for revocation, it is not to be thought that the legislature intended to leave the board helpless to proceed against dentists accused of unprofessional conduct. The provision of section 14, relating to proceedings to revoke and suspend licenses, providing as to the first cause that such proceedings must be taken by the board on the receipt of a certified copy of the record of conviction, and that proceedings for the second cause may be taken upon the information of another, are followed by the general provision that "All accusations must be in writing, verified by some party familiar with the facts therein charged, and three copies thereof must be filed with the secretary of the board." The remainder of the section relates to the procedure to be followed by the board upon receiving such accusation. There can be no doubt that section 13 of the act confers full jurisdiction upon the board to revoke or suspend the license of a dentist for any of the causes specified in the section.

Neither can there be any doubt that section 14 was intended to, and does, provide for a complete procedure by which the board may hear and determine an accusation made under any one of the three subdivisions of the preceding section.

[2] Another contention advanced by the appellant is that, conceding that the board of dental examiners had power to hear a complaint to revoke a license for unprofessional conduct, in the instant case the accusation filed against him is not one which the board has jurisdicton to hear, for the reason that the proceeding was not "taken upon the information of another." His argument in support of the point is that as Boyiarides was a paid investigator employed by the board, and acting under the direction of its attorney for the purpose of securing evidence upon which to base a charge against him, the accusation was in fact one made by the agent of the board, or, in other words, is but an accusation by the board itself, and results in the board sitting in judgment upon its own complaint. Even if the contention were worthy of serious consideration, the provision of section 14, relied upon, is permissive in the first instance and, in the next, relates only to proceedings upon an accusation, charging the dentist with grossly unskillful or negligent practice.

Appellant also contends that there was no showing that he aided and abetted an unlicensed person to practice dentistry. The petitioner was the manager of the office where Finley was employed, made the first examination of Boyiarides' mouth, and entered into the contract for the work to be done. That work was done by Finley. The only reasonable inference to be drawn from this is that the petitioner assigned Finley to do the work. It appears without contradiction that Finley was not licensed to practice dentistry. Section 11 of the Dental Act provides that any person shall be understood to be practicing dentistry within the meaning of the act who shall " . . . (2) for a fee, salary or reward, paid directly or indirectly either to himself or to some other person, perform an operation of any kind upon, or treat diseases or lesions of the human teeth or jaws, or correct malimposed positions thereof."

[3] It does not require the performance of a surgical operation to bring one within the purview of the law. The words "operate" and "operation," technically used in connection with surgery, mean "to perform some manual act upon the body of the patient, usually with instruments, with a view to restore soundness or health, or otherwise improve the physical condition," and "the act or series of acts and manipulations performed upon a patient's body, as in setting a bone, amputating a limb, extracting a tooth, etc." (Century Dictionary.) They have also a plain ordinary meaning, in the light of which this act may and, we think, should be construed. According to the authority just quoted "operate" means "to perform or to be at work"; "to produce an effect; act; work," and "operation" means "action," "working," "a specific act or activity," and "the course of action or series of acts by which some result is accomplished." The same dictionary defines "an operator" as "one who operates in any way, or on or against anything."

The ultimate purpose of the Dental Act is to bring about and insure skill and proficiency in the practice of the profession in this state. When all of its provisions are read together, and construed in the light of the plain ordinary meaning of the words and terms just noted, little difficulty is experienced in arriving at an understanding of what the legislature intended by the enactment of section 11 of the act, defining what shall constitute "practicing dentistry."

[4] The particular purpose to be accomplished by that portion of the section germane to this appeal is manifestly to prevent the doing by unlicensed persons of those things about or upon the human teeth, or jaws, which require skill, adequate training and understanding in their performance. The section provides that one who performs *an operation of any kind* upon those portions of the human anatomy shall be understood to be practicing dentistry, but that nothing within the act shall prohibit "an unlicensed person from performing merely mechanical work upon inert matter in a dental laboratory." The legislature has very plainly indicated what work may be done by an unlicensed person in connection with the lawful practice of dentistry in this

state. The acts done by the appellant in the present case do not fall within the permission of the statute.

The judgment is affirmed.

Lennon, J., Lawlor, J., Richards, J., *pro tem.*, and Wilbur, acting C. J., concurred.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.