[Civ. No. 2733. Fourth Dist. Sept. 23, 1942.]

P. A. SPARKS, Appellant, v. THE BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Respondent.

492

Ray Miller for Appellant.

H. E. Lindersmith for Respondent.

MARKS, J.—This is an appeal from a judgment dissolving an alternative writ of mandate and refusing to order the Board of Dental Examiners of the State of California to reinstate the license of petitioner to practice dentistry.

Petitioner had been duly licensed to practice dentistry in California. He maintained offices in San Diego and employed Archie Bell, an unlicensed person, as technician.

In the fall of 1935 two accusations were filed against petitioner with respondent board. Four counts were based on alleged acts of Archie Bell in practicing dentistry between September 18 and October 31, 1935, in the office of petitioner and with his knowledge, connivance and consent. The other two counts involved unprofessional advertising by petitioner in a daily newspaper in San Diego.

Trials were had before the respondent board which found petitioner guilty on all counts and suspended his license to practice dentistry for five years after any court order affirming the judgment of the board became final.

Petitioner sought to have the judgment of the board reviewed in a certiorari proceeding brought in the superior court. An appeal from the judgment in that proceeding was dismissed. (*Sparks* v. *Board of Dental Examiners*, 25 Cal. App. (2d) 341 [77 P. (2d) 233].)

Petitioner then instituted this action in mandamus. He now urges three grounds for a reversal of the judgment against him:

(1) That it was error to deny his motion for a trial by jury.

(2) That he was entitled to a trial de novo in the superior court.

(3) That the counts based on the advertisement are too uncertain to inform him of the charges against him.

■ Section 1090 of the Code of Civil Procedure provides that in cases of this kind the trial court "may, in its discretion, order the question [of fact] to be tried before a jury." As the statute rests the question of a jury trial in the discretion of the trial court, we can see no abuse of that discretion in exercising it against the request of petitioner that he be given a jury trial. Petitioner argues this question upon the assumption that the trial judge *must* grant a jury trial when one is requested. The statute does not so provide.

■ It is now established that in cases of this kind the petitioner is entitled to a trial de novo in the superior court. (*Laisne* v. *State Board of Optometry,* 19 Cal. (2d) 831 [123 P. (2d) 457].)

This case is presented on a typewritten clerk's transcript, and a short bill of exceptions, together with the clerk's transcript filed in this court on the former appeal. This last document is voluminous and contains a transcript of the evidence taken in the hearings before the board. No question is raised as to the form of the record, so nothing need be said on that subject.

■ At the opening of the trial petitioner offered and the trial court received in evidence all of the testimony taken in the hearing before the respondent board.

Petitioner called Charlotte Ida Serginson to the witness stand and after two preliminary questions counsel for respondent objected to further testimony from her upon the ground, among others, that "it merely constitutes reiteration or a restatement of the testimony which she had given before the Board, this objection being premised upon the statement by counsel that she would in no way enlarge upon the testimony she had given previously." After considerable discussion the objection was sustained. It affirmatively appears from the discussion that petitioner did not expect to be able to elicit anything from this witness beyond that already in the record and before the court; that his sole purpose in calling this witness was "to enable the Court to see and observe the manner in which she testified in support of our contention."

We have read the testimony of this witness. She was examined at length by counsel for petitioner and subjected to a searching cross-examination by counsel for and by members of the board. Her testimony was clear and she was not confused during the cross-examination.

While petitioner was entitled to a trial de novo in the lower court, and was entitled to call witnesses in his own behalf and have them testify at the trial, we cannot overlook the fact that he himself introduced the evidence of Miss Serginson, taken before the board as a part of his case in chief and that he admitted that he did not expect to elicit anything new from her. Under these circumstances we cannot regard the ruling of the trial judge an abuse of the discretion vested in him of controlling the course of a trial and preventing encumbering the record with repetitious testimony.

Petitioner then called Mrs. C. Baker as a witness in his behalf. She testified that frequently during the fall of 1935, and between September 18 and October 31, she was in the office of petitioner as a patient. Objection was made to this evidence and a proffer of proof was made in substance as follows: That she was a patient of petitioner who did dental work for her; that she knew Archie Bell and knew that he was a technician and not a dentist; that Archie Bell did not attempt to do any work on her and that she did not see him do or attempt to do any work on any other patient; that the three operating rooms were open.

This summary of the proffered evidence demonstrates its inadmissibility. No part of this evidence was directed to the times when witnesses for the respondent board testified that Archie Bell practiced dentistry on Agnes Davis, the principal witness against petitioner.

Petitioner offered to prove by the same witness "the general lay-out of the office of Dr. Sparks." Objection to this offer was sustained, and we think properly so, as the offer was too indefinite to add much to the descriptions of the office already in the record.

Counsel for petitioner then offered to prove facts of a similar nature by other witnesses. We can see no error in excluding such evidence.

Count three of the first accusation has attached to it a copy of an advertisement published at the request of petitioner. It is alleged "that the said advertisement is contrary to the said Dental Practice Act in that it constitutes and contains advertising statements of a character tending to deceive or mislead the public." These allegations satisfy the requirements for pleadings in cases before administrative boards. (*Homan* v. *Board of Dental Examiners,* 202

Cal. 593 [262 Pac. 324]; *Winning* v. *Board of Dental Examiners*, 114 Cal. App. 658 [300 Pac. 866]; *Gustason* v. *Board of Osteopathic Examiners*, 10 Cal. App. (2d) 436 [51 P. (2d) 1106].)

The advertisement set forth that petitioner was making a new porcelite plate with a new trubyte-mold; that the "new DR. SPARKS 'PORCELITE' Plate . . . is the most comfortable and most NATURAL plate that is POSSIBLE to be made", and goes on to describe the plate in the most glowing terms.

A representative of the manufacturer of the materials used in the plate testified that the "material is of the condensite class, being a modified phenol-formaldehyde resin"; that it was in the semi-experimental stage; that there were three other somewhat similar compounds sold under other trade names. The evidence on this subject brings the case within the rule announced in *Webster* v. *Board of Dental Examiners*, 17 Cal. (2d) 534 [110 P. (2d) 992], where a less objectionable advertisement was held to tend to deceive or mislead the public.

█ The fourth count of the accusation also has a copy of the advertisement attached to it. It is alleged "that the said advertisement is contrary to the said Dental Practice Act, in that it constitutes advertising free dental work by the said P. A. Sparks, as a dentist." This is a sufficient pleading under the authorities already cited.

█ The sufficiency of the evidence to support these allegations and the findings and judgment under them is open to argument. We find no clear offer of free dental work in the advertisement. At best, such an offer may only be rather vaguely inferred.

However, we do not consider it necessary to pursue this subject further. Petitioner's license to practice was suspended for five years under counts one and two of both the first and second accusations. It was suspended for one year under counts three and four of the first accusation which involved the advertisement. All suspensions are to commence on the same date and run concurrently. It follows that if the evidence is not sufficient to support the judgment rendered on the fourth count of the first accusation, petitioner is not prejudiced because of the suspension of his license for an additional four years under other counts. (See art. VI, § 4½, Const.)

The evidence under the four counts concerning petitioner permitting, aiding and assisting Archie Bell to practice dentistry, is sharply conflicting. Evidence offered on behalf of respondent shows acts by Bell with the knowledge and consent of petitioner very similar to those described in *Jacobs* v. *Board of Dental Examiners*, 189 Cal. 709 [209 Pac. 1006]. Those acts were held to be unlawful. Following that decision we must hold that the acts credited to Bell constitute a violation of the provisions of the Dental Practice Act in effect in 1935. (§ 13, as amended, Stats. 1935, p. 780; Deering's Gen. Laws, 1935 Supp., Act. 2048.) As there is evidence supporting the findings and judgment we cannot reverse the judgment because there is much other conflicting evidence.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied October 23, 1942, and appellant's petition for a hearing by the Supreme Court was denied November 12, 1942. Carter, J., voted for a hearing.