[Civ. No. 26918. Fourth Dist., Div. One. Feb. 10, 1983.]

ROBERT C. K. VALTZ et al., Plaintiffs and Appellants, v.
PENTA INVESTMENT CORPORATION et al., Defendants and Appellants.

COUNSEL

Solomon, Ward, Seidenwurm, Ravin & Smith and William O. Ward III for Plaintiffs and Appellants.

Munger, Tolles & Rickershauser, Simon M. Lorne, Brad D. Brian and Robert B. Knauss for Defendants and Appellants.

OPINION

**BROWN (Gerald), P. J.**—Penta Investment Corporation and Marshall Skolnik, O.D., appeal an order granting Robert and Marie-Claire Valtz a writ of mandate compelling appellants to allow the Valtzs to inspect and copy Penta's shareholder list.

Penta is a Delaware corporation doing business in California and has its sole executive office here. It manufactures, wholesales and retails prescription eyewear. The Valtzs own more than 5 percent of Penta's outstanding stock and were officers of the corporation until 1980. The Valtzs now own and operate the Eyeglass Company, a chain of eyeglass stores which appellants claim competes with Penta's retail operation. In March 1980 the Valtzs demanded Penta allow them to inspect and copy Penta's list of its shareholders' names, addresses and shareholdings, claiming the right to do so under Corporations Code section 1600. Penta refused, claiming the Valtzs' right to inspect the list is governed by Delaware law, which allows inspection only for a proper, investment-related purpose (Del. Corp. Code, § 220). Penta claims the Valtzs intend to use the information to compete with Penta rather than invest in it.

Following the refusal by Penta, the Valtzs sued, seeking a writ of mandate under Corporations Code section 1600. Section 1600 grants to shareholders owning at least 5 percent of a corporation's stock "an absolute right" to inspect and copy the shareholder list. The section applies to "any foreign corporation

having its principal executive office in this state." Penta admits section 1600 requires it to allow inspection by the Valtzs but contends the section is unconstitutional because it deals with the internal affairs of the corporation, an area properly governed only by the law of Delaware, the state of incorporation. The superior court rejected this argument and granted the writ.

Although Penta claims Delaware law should control while the Valtzs rely on section 1600, we are not faced with a conflict of laws issue because section 1600 is expressly applicable here (Corp. Code, § 1600, subd. (d); 1A Ballantine & Sterling, Cal. Corporation Laws (4th ed. 1982) § 393.06, pp. 18-46). Recognizing this, Penta bases its reliance on Delaware law on the contention extending section 1600 to a foreign corporation with its principal executive office in California violates the full faith and credit, due process, commerce and equal protection clauses of the federal Constitution.

■ Penta places greatest emphasis on its full faith and credit argument, contending the law of the state with the greatest interest in the corporation and subject matter being regulated must be given full faith and credit by other states (*Broderick* v. *Rosner* (1935) 294 U.S 629 [79 L.Ed. 1100, 55 S.Ct. 589, 100 A.L.R. 1133]). Although Penta's only connection with Delaware is its incorporation there, Penta argues that is sufficient where the law in question regulates the "internal affairs" of the corporation. However, even assuming the validity of this internal affairs doctrine, Penta's argument fails because section 1600 does not address an internal affair; the inspection of shareholder lists is a right incidental to the ownership of stock, affects the relationship between corporation and shareholder, and is thus subject to regulation by statute where the corporation does business. (See *Western Air Lines, Inc.* v. *Sobieski* (1961) 191 Cal.App.2d 399, 410 [12 Cal.Rptr. 719]; *Gertridge* v. *State Capital Co.* (1933) 129 Cal.App. 86, 88 [18 P.2d 375].) The power of a state where a corporation operates but is not incorporated to regulate inspection of shareholder lists has long been recognized in many jurisdictions, including Delaware. (See, e.g., *McCormick* v. *Statler Hotels Delaware Corporation* (1964) 55 Ill.App.2d 21 [203 N.E.2d 697, 19 A.L.R.3d 858]; *Kahn* v. *American Cone & Pretzel Co.* (1950) 365 Pa. 153 [74 A.2d 160]; *State* v. *Swift* (1885) 12 Del. 137 [30 A. 781], affd. 6 A. 856, 32 A. 143; Annot., Stockholder's Right to Inspect Books and Records of Foreign Corporation (1968) 19 A.L.R.3d 869.)

While there is no Delaware interest in this dispute because no internal corporate affair is involved, California's interest is considerable. The maintenance of a principal executive office in the state is a significant contact (*Bullfrog Goldfield R. R. Co.* v. *Jordan* (1917) 174 Cal. 342, 345 [163 P. 40]; 15 Cal.Jur.3d, Corporations, § 384, p. 453). Furthermore, by locating a principal executive office in California and keeping its books and records here (see Corp. Code, § 1500), a corporation brings disputes regarding inspection of the

records into California courts and thus California public policy is applicable; full faith and credit need not be given the laws of another state where to do so would violate public policy of the forum (*Price* v. *Atchison, T. & S. F. Ry. Co.* (1954) 42 Cal.2d 577, 583 [268 P.2d 457, 43 A.L.R.2d 756], cert. den. 384 U.S. 839 [99 L.Ed. 661, 75 S.Ct. 44]; *Victor* v. *Sperry* (1958) 163 Cal.App.2d 518, 525 [329 P.2d 728]; *Thorne* v. *Macken* (1943) 58 Cal.App.2d 76, 79 [136 P.2d 116]). The public policy of California is to place no proper-purpose restriction on a shareholder's right of inspection and the California courts must enforce that policy despite Penta's Delaware incorporation.

Penta's full faith and credit claim also fails under the more contemporary uniform-standard approach to determining when a forum state must apply the law of the state of incorporation. This approach focuses not on the relative interests of the two states but on the need for a uniform rule; the law of the state of incorporation should be applied when failure to do so presents the corporation with the dilemma of violating one law in order to comply with another (*Shaffer* v. *Heitner* (1977) 433 U.S. 186, 215, fn. 44 [53 L.Ed.2d 683, 704, 97 S.Ct. 52]; Oldham, *California Regulates Pseudo-Foreign Corporations—Trampling Upon the Tramp?* (1977) 17 Santa Clara L.Rev. 85, 114-121). Penta faces no such dilemma here. Although Delaware law might not require Penta to allow the Valtzs to inspect the list, it does not prohibit it; compliance with section 1600 leads to no violation of Delaware law. The commentators have recognized this and said full faith and credit should not apply to the regulation of shareholder list inspection because there is no need for a uniform standard (Halloran & Hammer, *Section 2115 of the New California General Corporation Law—The Application of California Corporation Law to Foreign Corporations* (1976) 23 UCLA L.Rev. 1283, 1323; Reese & Kaufman, *The Law Governing Corporate Affairs: Choice of Law and the Impact of Full Faith and Credit* (1958) 58 Colum. L.Rev. 1118, 1134).

■ Penta also claims section 1600 violates the commerce clause of the federal Constitution. To prevail under this theory, Penta must show the burden on interstate commerce created by section 1600 outweighs the local interest underlying the statute (*Pike* v. *Bruce Church, Inc.* (1970) 397 U.S. 137 [25 L.Ed.2d 174, 90 S.Ct. 844]; *Eli Lilly & Co.* v. *Sav-On-Drugs* (1961) 366 U.S. 276 [6 L.Ed.2d 288, 81 S.Ct. 1316], rehg. den. 366 U.S. 978 [6 L.Ed.2d 1268, 81 S.Ct. 1913]; *Bibb* v. *Navajo Freight Lines* (1959) 359 U.S. 520 [3 L.Ed.2d 1003, 79 S.Ct. 962]). However, we need not examine the local interest here because Penta has not shown any connection between inspection of shareholder lists and the movement of goods in interstate commerce. Its only relevant contention is a corporation, which might deal in interstate commerce, might not locate its principal executive office in California due to section 1600. This argument fails on two counts. First, there is no showing a corporation's dealings in interstate commerce are affected by the location of its executive of-

fice. Second, the argument is too broad; it leads to the absurd result that all state regulations imposed as conditions to doing business in the state are unconstitutional if some other state allows the corporation to operate without the regulation. A statute violates the commerce clause only if it improperly affects the ability of a business to conduct commerce across state lines; there is no showing section 1600 does so.

Penta cites *Edgar* v. *Mite Corp.* (1982) 457 U.S. 624 [73 L.Ed.2d 269, 102 S.Ct. 2629], in support of its commerce clause challenge. In *Edgar,* the Supreme Court considered an Illinois statute regulating tender offers where the target company has certain contacts with Illinois. In holding the statute violates the commerce clause, the court stressed the statute directly affects interstate commerce as tender offers inevitably involve transactions across state lines. That is not the case here as section 1600 in no way affects interstate commerce; Penta has shown no relationship between a duty to provide a shareholder list and the corporation's ability to do business in more than one state.

■ Penta's due process argument is also without merit. *Wheeling Steel Corp.* v. *Glander* (1949) 337 U.S. 562 [80 L.Ed. 1544, 69 S.Ct. 1291], is cited to support the contention a state deprives a corporation of due process if it removes a privilege granted by the state of incorporation. However, *Wheeling* speaks only to rights guaranteed by the federal Constitution; it is not relevant to the state choice of law issue. Indeed, where the issue is which state's law should apply, to argue due process protects rights guaranteed by state law begs the question. For this reason, the due process clause does not forbid a forum state, which has some connection with the subject matter of the dispute, from applying its own law (*Clay* v. *Sun Ins. Office, Ltd.* (1964) 377 U.S. 179, 181-182 [12 L.Ed.2d 229, 231-232, 84 S.Ct. 1197]; *Watson* v. *Employers Liability Corp.* (1954) 348 U.S. 66, 73-74 [99 L.Ed. 74, 82-83, 75 S.Ct. 166]; *Alaska Packers Ass'n.* v. *Industrial Acc. Com'n.* (1935) 294 U.S. 532, 542 [79 L.Ed. 1044, 1049, 55 S.Ct. 518]; Oldham, *California Regulates Pseudo-Foreign Corporations—Trampling Upon the Tramp?, supra,* 17 Santa Clara L.Rev. 85, 111; Reese & Kaufman, *The Law Governing Corporate Affairs: Choice of Law and the Impact of Full Faith and Credit, supra,* 58 Colum. L.Rev. 1118, 1129).

■ Penta's final constitutional attack on section 1600 is based on the equal protection clause. This argument fails because there is no suspect class or fundamental right involved here and section 1600 applies equally to domestic and foreign corporations. (See *Western Air Lines, Inc.* v. *Sobieski, supra,* 191 Cal. App.2d 399, 411.) Penta contends, however, equal protection is denied because corporations with principal executive offices in the state are singled out and subjected to the inspection requirement. That is incorrect; all corporations with significant contacts with the state are subject to section 1600. (See Corp. Code, § 2115.) The inspection requirement applies to all corporations which

California clearly has the power to regulate; there is no classification upon which to base an equal protection claim.

Our holding section 1600 withstands each of Penta's constitutional attacks is supported by *Wilson* v. *Louisiana-Pacific Resources, Inc.* (1982) 138 Cal.App. 3d 216 [187 Cal.Rptr. 852]. *Wilson* holds there is no constitutional impediment to state regulation of a foreign corporation with significant contacts with the state if the regulation does not unduly burden interstate commerce. Although *Wilson* deals with a constitutional challenge to Corporations Code section 2115 rather than section 1600, its holding applies here because, as is stated above, the location of a principal executive office is a significant contact and section 1600 does not affect interstate commerce. Both *Wilson* and our holding here support the unquestioned rule allowing a state to regulate a corporation which chooses to reap the benefits of doing business within the state.

■ As an alternative to its constitutional claims, Penta asks the writ be denied based on the Valtzs' unclean hands. The unclean hands defense is applicable in a mandamus proceeding (*Allen* v. *Los Angeles County District Council of Carpenters* (1959) 51 Cal.2d 805, 811-812 [337 P.2d 457], cert. den. 361 U.S. 936 [4 L.Ed.2d 356, 80 S.Ct. 376]). However, because the misconduct Penta alleges in support of the defense lies in the purpose for which the Valtzs seek inspection, the defense is nothing more than a restatement of the claim Delaware's proper-purpose rule should apply. The California Legislature chose to allow inspection without any restriction based on the shareholder's purpose and we cannot impose such a restriction via the clean hands doctrine (*General Elec. Co.* v. *Superior Court* (1955) 45 Cal.2d 897, 900 [291 P.2d 945]; *Jomicra, Inc.* v. *California Mobile Home Dealers Assn.* (1970) 12 Cal.App.3d 396, 401-402 [90 Cal.Rptr. 696]).

■ There is also no merit in Penta's claim its request for a jury trial was improperly denied. There is no right to a jury trial in a mandamus proceeding but the superior court has the discretion to grant one if there is an issue of fact essential to resolution of the case (Code Civ. Proc., § 1090; *English* v. *City of Long Beach* (1952) 114 Cal.App.2d 311, 316 [250 P.2d 298]; *Sparks* v. *Bd. of Dental Examiners* (1942) 54 Cal.App.2d 491, 494 [129 P.2d 405]). The only two facts necessary here to satisfy section 1600, the Valtzs' ownership of at least 5 percent of the corporation's stock and Penta's location of its principal executive office in California, were not disputed. There was no question of fact to warrant a jury trial.

■ As to attorney fees, the superior court abused its discretion in refusing the Valtzs' request. Under Corporations Code section 1604, the superior court has discretion to award fees to the shareholder where the corporation's refusal to allow inspection was unjustified. When Penta refused the Valtzs' inspection

demand it realized it was violating section 1600. Its attempt to avoid section 1600 with a constitutional challenge is unsupported by authority and is inconsistent with the well established rule allowing California to regulate a foreign corporation doing business here. Therefore, Penta was not justified in refusing the Valtzs' demand and is now liable for the fees the Valtzs incurred at trial and on appeal.

The order granting the writ is affirmed and the case is remanded for the superior court to set the Valtzs' attorney fees for trial and appeal.

Work, J., and Butler, J., concurred.

The petition of defendants and appellants for a hearing by the Supreme Court was denied April 6, 1983.