[No. C017145. Third Dist. Apr. 8, 1994.]

JOSEPH J. BRENNAN et al., Petitioners, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
COUNTY OF SUTTER et al., Real Parties in Interest.

## COUNSEL

Larry C. Larsen, Gregory D. Thatch, Diepenbrock, Wulff, Plant & Hannegan, James R. Diepenbrock, Zumbrun, Best & Findley and Sharon L. Browne for Petitioners.

No appearance for Respondent.

Darrell W. Larsen, County Counsel, Ronald S. Erickson, Assistant County Counsel, and Joseph P. Cerullo, Deputy County Counsel, for Real Parties in Interest.

## OPINION

**PUGLIA, P. J.**—This writ proceeding is ancillary to a combined action and proceeding pending in respondent Sutter County Superior Court (the Sutter County action). Petitioners are plaintiffs in the Sutter County action and the real parties in interest are defendants.[1] This writ application was filed after respondent superior court denied plaintiffs' motion to change venue.

Plaintiffs argue that a change of venue is mandatory because one of the plaintiffs in the Sutter County action, Pleasant Grove Water District, is a "local agency" and one of the defendants is the County of Sutter.[2] Plaintiffs seek a writ of mandate directing the trial court to change venue to a neutral county. (Code Civ. Proc., § 400.)

---

[1]Petitioners are Pleasant Grove Water District, Sutter Bay Associates, Live Oak Associates, III, Sutter Ranch Estates, Lauppe and Son, Inc., Joseph J. Brennan, Daryl Lauppe, George J. Morrison, Lucille F. Morrison, Dawn Panton, Alvena Randall, D. H. Randall, Richard Souza, and Ronald F. Souza. Brennan, Panton and Daryl Lauppe also prosecute this proceeding in their capacity as trustees for the Lorris P. Lauppe 1989 Revocable Trust.

Real parties in interest are the County of Sutter, the Sutter County Board of Supervisors, Peter Licari, Cornelius Kroon, and Richard Akin.

[2] There is no dispute that Pleasant Grove Water District is a "local agency" as that term is defined in Code of Civil Procedure section 394, subdivision (3), which provides: "For the purposes of this section, 'local agency' shall mean any governmental district, board, or agency, or any other local governmental body or corporation, but shall not include the State of California or any of its agencies, departments, commissions, or boards." The second

Plaintiffs rely on Code of Civil Procedure section 394 (hereafter section 394), which provides in pertinent part: "An action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, *unless* such action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated. . . . When the action or proceeding is one in which a jury is not of right, or in case a jury be waived, then in lieu of transferring the cause the court in the original county may request the [C]hairman of the Judicial Council to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith." (Italics added.)[3]

■ Section 394 requires a change of venue in actions where certain governmental entities are adversaries and either one objects to venue in the county where the defendant governmental entity resides, unless a jury is not of right or a jury is waived, in which case the court may, in lieu of transfer, request assignment of a disinterested judge from a neutral county. *(City of Alameda* v. *Superior Court* (1974) 42 Cal.App.3d 312, 316 [116 Cal.Rptr. 806].)[4]

In three of four counts in the petition and complaint (complaint) plaintiff Pleasant Grove Water District (Water District) seeks relief in mandamus. In

---

amended complaint alleges that the Water District is a local agency formed pursuant to the California Water District Law. (Wat. Code, § 34000 et seq.)

[3]Plaintiffs filed their action in Sutter County because "the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action." (Code Civ. Proc, § 395, subd. (a); *Skidmore* v. *County of Solano* (1954) 128 Cal.App.2d 391, 393, fn. 2 [275 P.2d 613] ["for the purposes of section 395, each county is the county of its own legal residence"]; cf. *Sutter Union High School Dist.* v. *Superior Court* (1983) 140 Cal.App.3d 795, 797-798 [190 Cal.Rptr. 182] [action must be commenced under generally applicable venue rules before section 394 can apply].) After commencing their action in Sutter County, plaintiffs sought to invoke section 394.

[4]In *City of Alameda,* the court explained: "[T]he combination of permissive 'may' in the first clause [of section 394] quoted above, and the use of 'unless' in the qualifying clause make it clear that when two cities in the same county are adversaries the case cannot be tried over objection in that county. [¶] The appearance of the word 'may' in the last clause only indicates those counties where the action should be transferred; or may be transferred. Such a construction of the section appears proper in light of the alternative open to the trial court where a jury trial is not a matter of right. The present proceeding seeks injunctive relief and a writ of mandate, neither of which gives either party a right to a jury trial. The trial court could therefore have requested the Chairman of the Judicial Council to assign a disinterested judge to try the case. Either a transfer of the case out of the county, or bringing in a neutral judge would avoid the appearance of prejudice to either city. In a contest between two cities within the same county no judge should be put in the position of appearing to choose between possibly conflicting loyalties or interests . . . ." (*City of Alameda* v. *Superior Court, supra,* 42 Cal.App.3d 312, 316.)

the fourth count declaratory relief is requested, based on allegations in the other three counts.[5] "There is no right to a jury trial in a mandamus

[5]In plaintiffs' "Second Amended Verified Petition for Writ of Mandate; Complaint for Violation of Civil Rights, Declaratory Relief, Breach of the Covenant of Good Faith and Fair Dealing, Injunctive Relief and Interference with Economic Advantage," plaintiffs allege 13 counts.

In the "General Allegations" portion of the complaint, plaintiffs allege that in 1988 the County of Sutter (County) and the Sutter County Board of Supervisors (Board) began to investigate the potential for growth in southern Sutter County. The investigation lasted several years and involved significant financial investment, official review, and public input. The result was a series of agreements—19 in all—between various plaintiffs and the County. The agreements, which plaintiffs label the "Development Agreements," were embodied in ordinances approved by the Board in December 1992 and January 1993.

The complaint alleges the composition of the Board changed shortly after the last ordinance was approved. The new Board undertook to undo the actions of the old Board with respect to the development agreements. On January 6, 1993, the Board adopted Resolution No. 93-5 and Ordinance Nos. 1170 and 1171, which rescinded all the development agreements. On February 2, 1993, the Board adopted Ordinance No. 1173 to the same end.

The complaint states four counts on behalf of Water District as plaintiff.

In the third count ("Writ of Mandate - Zoning Ordinance"), plaintiffs allege that defendants "had a clear, present and ministerial duty to enact any urgency zoning ordinance only as prescribed by law in accordance with the provisions of Government Code § 65858." Plaintiffs allege that defendants violated this duty by enacting Ordinance No. 1170. Plaintiffs request a peremptory writ of mandate directing defendants "to rescind, revoke, and cancel Ordinance 1170 . . . ."

In the fourth count ("Writ of Mandate - Equal Dignity"), plaintiffs allege that defendants "had a clear, present and ministerial duty to repeal any existing zoning ordinances by a zoning ordinance of equal dignity and are proscribed by law from utilizing a resolution or a general ordinance to repeal or rescind a duly enacted zoning ordinance." Plaintiffs allege that defendants violated this duty by enacting "Resolution 93-5 and Ordinance 1171 on January 6, 1993 and Ordinance 1173 on February 2, 1993, purporting to rescind and repeal the Development Agreement Ordinances . . . ." Plaintiffs request a peremptory writ of mandate directing defendants "to rescind, revoke and cancel Resolution 93-5 and Ordinances 1171 and 1173 . . . ."

In the fifth count ("Writ of Mandate - Development Agreement Law"), plaintiffs allege that defendants have "a clear, present and ministerial duty to conform with the requirements of law when, and if, they desire to cancel duly executed development agreements, including, but not by way of limitation, the duty to provide adequate notice to contracting parties and to the public; to take any such action at a duly noticed public hearing; and to cancel a development agreement only if the other party to such agreement mutually agrees thereto, all as required by Government Code § 65864, et. [sic] seq." Plaintiffs allege that defendants violated this duty when they "unilaterally, and without legal right or authority, took the Actions of the Board and adopted Ordinance 1173 as herein alleged in an attempt to cancel and nullify the Development Agreements and failed and refused, and continue to fail and refuse, to rescind such actions and to thereafter cancel the Development Agreements only as permitted by law." Plaintiffs request issuance of a peremptory writ of mandate directing defendants "to rescind, revoke and cancel the Actions of the Board and Ordinance 1173 . . . ."

In the eighth count ("Declaratory Relief"), plaintiffs allege that an actual controversy has arisen regarding the respective rights and duties with respect to Ordinance No. 1173 and related Board actions. Plaintiffs request a judicial declaration that the development agreements were legal and binding and that the actions of the Board, including the adoption of

proceeding but the superior court has the discretion to grant one if there is an issue of fact essential to resolution of the case (Code Civ. Proc, § 1090; *English* v. *City of Long Beach* (1952) 114 Cal.App.2d 311, 316 [250 P.2d 298]; *Sparks* v. *Bd. of Dental Examiners* (1942) 54 Cal.App.2d 491, 494 [129 P.2d 405])." (*Valtz* v. *Penta Investment Corp.* (1983) 139 Cal.App.3d 803, 810 [188 Cal.Rptr. 922].) Similarly, there is no right to a jury in an action for declaratory relief, which is equitable in nature. (*Fowler* v. *Ross* (1983) 142 Cal.App.3d 472, 478 [191 Cal.Rptr. 183]; see *Strauss* v. *Summerhays* (1984) 157 Cal.App.3d 806, 812-813 [204 Cal.Rptr. 227] [no right to jury where claim underlying declaratory relief is equitable].) Therefore, we conclude Water District alleges no claim for relief that entitles it to a jury, and plaintiffs do not argue otherwise.

▆▆ In such circumstances section 394 provides that the court, in lieu of transferring the action, may request the Chairman of the Judicial Council to assign a disinterested judge from a neutral county to hear it. The trial court apparently never considered this option in denying the motion to change venue.[6]

Plaintiffs, however, argue that assignment of a disinterested judge will not satisfy section 394 because a plaintiff other than Water District has a right to a jury on its claim for damages.[7] According to plaintiffs, "[i]n applying section 394, it is irrelevant whether petitioner Water District has an independent right to a jury trial. Section 394 speaks consistently in terms of an 'action or proceeding.' This language does not contemplate the sort of piecemeal litigation that would be required if the transfer of cases turned on

---

Ordinance No. 1173, are null and void and "should be stricken from the Official Records of Sutter County . . . ."

[6]Defendants suggest that plaintiffs never requested assignment of a disinterested judge, but the record indicates otherwise, and defendants themselves raised the issue. The court did not discuss the alternative of assignment of a disinterested judge in its bench ruling denying the motion to change venue. The court may have believed that requesting assignment of a disinterested judge from a neutral county was unnecessary. Defendants had argued that no such request was necessary because the action had been assigned to Department 2 of the Sutter County Superior Court, a department in which a vacancy existed which was routinely filled by assignment of a visiting judge from out of county. This argument would appear now to be moot. Since the filing of this petition, the governor has filled the vacancy in department 2 with the appointment of a new superior court judge.

In any event, under section 394 it is irrelevant that the Sutter County action had been assigned to a visiting judge. Section 394 provides that in lieu of transfer "the court in the original *county may request the [C]hairman of the Judicial Council* to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith." (Italics added.) To date no such request has been made.

[7]Plaintiff Sutter Bay Associates claims damages of "not less than $40,200,000" for sums advanced and damages associated with the unauthorized delay in its ability to develop its property.

the nature of each cause of action by each party. Therefore, even if one party does not have a right to a jury trial for a particular cause of action, the 'action or proceeding' may be one in which a jury trial is a matter of right."

In construing section 394, we are guided by well-settled rules. The objective of statutory interpretation is to ascertain and effectuate legislative intent. (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322]; *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) To determine intent, courts look first to the language of the statute. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317].) When the statutory language is clear and unambiguous, there is no need for statutory construction and the courts should not indulge in it. (*People* v. *Woodhead, supra,* 43 Cal.3d 1002, 1007-1008.)

The first sentence of section 394 provides that "[a]n action or proceeding against a county, or city and county, a city, or local agency, may be tried in such county, or city and county, or the county in which such city or local agency is situated, *unless* such action or proceeding is brought by a county, or city and county, a city, or local agency, in which case it may be tried in any county, or city and county, not a party thereto and in which the city or local agency is not situated." (Italics added.)

The main clause of this sentence sets forth the general rule that an "action or proceeding . . . against a county . . . may be tried in such county . . . ." This clause applies generally to every "action or proceeding" between a plaintiff and one of the specified governmental entities. But a proviso sets forth a limited exception where the "action or proceeding is brought by a . . . local public agency, in which case it may be tried in any county . . . not a party thereto and in which the . . . local agency is not situated." The proviso applies only to an "action or proceeding" brought by one of the specified governmental entities whereas the "action or proceeding" referred to in the main clause is one brought by a plaintiff *other* than one of the specified governmental entities.

Under section 394, any "action or proceeding" brought by a plaintiff other than the Water District would be governed by the general rule setting venue in Sutter County while the "action or proceeding" brought by the Water District would be subject to the proviso making it triable in a different county.

There is, however, an *exception* to the proviso "[w]hen the action or proceeding is one in which a jury is not of right, or in case a jury be waived,

*then in lieu of transferring the cause* the court in the original county may request the [C]hairman of the Judicial Council to assign a disinterested judge from a neutral county to hear said cause and all proceedings in connection therewith." (Italics added.) This exception applies only to an "action or proceeding" within the proviso, i.e., one between the specified governmental entities which, unless the exception applies, must be transferred. Thus, in the present case, the exception applies only to the "action or proceeding" prosecuted by the Water District. It follows that instead of denying the motion to change venue, the trial court should have granted it or requested the Chairman of the Judicial Council to assign a disinterested judge from a neutral county to hear the Water District's action.

The plaintiffs, however, insist this alternative was unavailable because at least one other plaintiff has a right to a jury trial. From this premise, plaintiffs conclude that the exception to the proviso does not apply and the proviso requires that the entire Sutter County action must be transferred. Plaintiffs assume that if *any* of the joined plaintiffs other than one of the specified governmental entities has a right to a jury, then the action must be transferred.

We conclude plaintiffs are incorrect and that the proviso to section 394 prevails over the exception thereto only where it is the specified governmental entity which has the right to a jury trial. The *other plaintiffs'* right to a jury is irrelevant under section 394, for these other plaintiffs are subject to the general rule setting venue in the defendant's county of residence, in this case Sutter County.

For purposes of applying section 394, it is of no significance that the nongovernmental plaintiffs have joined the Water District in an action. Under the statute allowing permissive joinder (Code Civ. Proc., § 378), the action of each plaintiff has been joined in one case, but they remain independent actions.[8] ▮ " 'The code section [Code of Civil Procedure, section 378] contemplates of course an action single in form, but with each "case" or demand retaining its distinctive identity as though pleaded in an

---

[8]Code of Civil Procedure section 378 provides:

"(a) All persons may join in one action as plaintiffs if:

"(1) They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or

"(2) They have a claim, right, or interest adverse to the defendant in the property or controversy which is the subject of the action.

"(b) It is not necessary that each plaintiff be interested as to every cause of action or as to all relief prayed for. Judgment may be given for one or more of the plaintiffs according to their respective right to relief."

independent action. No plaintiff is interested in the entire complaint. The interest of each is in his own "case" or cause of action; and the complaint as a whole is merely a series of "cases" embodied in one document. The institution of a joint action thus amounts to an election to consolidate at the outset several causes of action for trial instead of bringing several actions based on common grounds, and then having them consolidated later.'" (*Writers Guild of America, West, Inc.* v. *Superior Court* (1969) 273 Cal.App.2d 841, 846 [78 Cal.Rptr. 520], quoting *Colla* v. *Carmichael U-Drive Autos, Inc.* (1931) 111 Cal.App. Supp. 784, 788 [294 P. 378].)[9]

 The other plaintiffs who have joined the Water District as plaintiffs do not thereby enjoy any greater right under section 394 to change venue than they would have were they not joined with Water District.

Plaintiffs argue that transfer is mandated because a fair trial cannot be obtained in Sutter County. This argument adds nothing to plaintiffs' claims under section 394. The potential for prejudice was one of the reasons the Legislature required transfer where a jury is of right. (Cf. *City of Alameda* v. *Superior Court, supra,* 42 Cal.App.3d 312, 316.) Where a jury is not of right, the assignment of a disinterested judge from a neutral county to hear a matter alleviates the potential prejudice. (*Ibid.*) To the extent plaintiffs suggest that even a disinterested judge would not guarantee a fair trial, we observe that this does not appear as a matter of law on the record.

We conclude that respondent court should have transferred the Sutter County action or requested the Chairman of the Judicial Council to assign a disinterested judge from a neutral county to hear the cause and all proceedings in connection therewith. Accordingly, the order denying the motion for change of venue must be vacated. (*City of Alameda* v. *Superior Court, supra,* 42 Cal.App.3d 312, 316-318.) We decline to specify which of the alternative procedures respondent court should adopt, preferring to give that court the opportunity in the first instance to exercise its discretion whether to transfer the action or to request the assignment of a disinterested judge. (*Ibid.*; see *Erlich* v. *Superior Court* (1965) 63 Cal.2d 551, 556 [47 Cal.Rptr. 473, 407 P.2d 649] [mandate available where court declines to exercise discretion].)

We have complied with the procedural prerequisites to issuance of a peremptory writ of mandate in the first instance. (*Palma* v. *U.S. Industrial*

---

[9]This view is also supported by the statutory definition of "action" as "an ordinary proceeding in a court of justice by which *one party* prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22, italics added; see also Code Civ. Proc., § 23 ["Every other remedy is a special proceeding."].) In the present case, the Water District has commenced an action and proceeding against defendants by pleading a count for declaratory relief (Code Civ. Proc., § 1060 et seq.) and other counts seeking relief in mandamus (*id.,* § 1084 et seq). The action and proceeding of each of the other plaintiffs are distinct from those of the Water District and of each other.

*Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioners' motion for change of venue and to enter an order granting relief under section 394 in accordance with the views expressed herein. On finality of this opinion, the stay previously issued is dissolved.

Scotland, J., and Nicholson, J., concurred.